## A. G. COX ET AL. V. LIDA OLIVER.

Decided May 3, 1906.

### 1.—Special Judge—Election.

A special district judge may be elected on the first day of the term of court, when the regular judge is absent.

### 2.—District Court—Jurisdiction.

The District Court has jurisdiction of a suit by a surviving wife to recover possession of the homestead and other property of the deceased in which she has an interest, and of which she claims she was unlawfully dispossessed.

### 3.—Homestead—Payment of Purchase Money—Community Property.

Where a husband during the marriage purchased the homestead, paid part cash, and executed his notes for the balance of the purchase money, the fact that some of said notes were transferred to the wife and became her separate property, would not make the homestead her separate property, nor affect its character as community property.

### 4.—Homestead—Rights of Second Wife.

Upon the death of a wife, leaving children, the surviving husband is entitled to the exclusive possession of the community homestead so long as he chooses to occupy the same. Upon his death his second wife is entitled to possession of the same, subject to the right of the children by the first wife to jointly occupy the same with her, or to partition the same. If partitioned, the husband's half of such homestead should be awarded to such second wife for her exclusive use so long as she may elect to occupy it as a homestead. A guardian of the minor children of the first wife, if authorized by the Probate

Court, would have the right to occupy the undivided homestead jointly with the second wife. This right, however, would not extend to any member of the guardian's family.

### 5.—Personal Property—Same.

In the community personal property of the first marriage, a second wife and the children of the first marriage would be entitled in the proportion of five–sixths to the children and one–sixth to such wife, and until partitioned they would hold and enjoy the same in said proportions.

### 6.—Eviction—Damages—Evidence.

Evidence considered, and held insufficient to support the judgment for damages against defendants for an alleged unlawful eviction.

Appeal from the District Court of Shelby County. Tried below before Hon. E. A. McDowell, special judge.

*E. B. Wheeler,* for appellants.—The regular term of the District Court of Shelby County, Texas, being fixed by law to begin on the first Monday in January, 1905, and it being the 2d day of January, 1905, and the Hon. James I. Perkins being the regular judge of said District Court, and judge of the second judicial district of Texas and having the only and the exclusive right to open said court on the 2d day of January, 1905, and he evidently had all of said day to open said court, being the regular judge thereof, and the said J. I. Perkins, the regular judge of said court, failed to make his appearance and open said court on the 2d day of January, 1905, the election of the Hon. H. B. Short special judge of said court, by the practicing attorneys then in attendance on said court on the 2d day of January, 1905, was a nullity in law, and his acts as said special judge would not be binding on the rights of anybody, neither could he open said court for any purpose, and he assumed to act as such special judge until the 23d day of January, 1905, at which time he refused to further act as special judge of said court. Art. 1071, Rev. Civ. Stats. of Texas; Scott v. The State, 43 Texas Crim. App., 591; Wilson v. The State, 37 Texas Crim. App., 373; Campbell v. Chandler, 37 Texas, 32.

Plaintiff did not have the right by her marriage with A. M. Oliver to take possession of the land and personal property, the subject of this suit, and control the same and the said seven minor children, she having no interest in the property, only what she got by her marriage with A. M. Oliver and not being the guardian of the persons and estate of said children. Art. 2967, Revised Civil Statutes; Thos. A. Pressley Heirs v. Robinson, 57 Texas, 453; Crocker v. Crocker, 19 Texas Civil App., 297.

If plaintiff married A. M. Oliver and if the same be legal then all she would be entitled to according to her pleading and evidence would be one-third undivided interest for life of A. M. Oliver's interest in the land and one-third interest in the personal property of said A. M. Oliver, deceased, absolute, whatever that may be, and she would not have any right to the possession and control of the property, the subject of this suit, or the control and management of said seven children, not being their lawful guardian, she at best a stranger to them and their estate. Art. 6967, Rev. Stats. of Texas; Parker v. Fogarty, 23

S. W. Rep., 700; also 4 Texas Civ. App., 615; Goddard v. Reagan, 8 Texas Civ. App., 272.

The court erred in finding the property, the subject of this suit, was all community property of A. M. Oliver and S. S. Oliver, deceased, when the undisputed evidence of O. S. Cox, Dr. C. M. Carr and George Oliver shows unmistakably that the land was paid for by separate property of S. S. Oliver, deceased, except one hundred dollars which is uncertain as to it being the separate property of A. M. Oliver. The four eighty dollar notes was the separate property of the said S. S. Oliver, deceased, now the property of said minor children, the notes being given to S. S. Oliver by her father and mother as a part of their estate. Plaintiff's marriage, if lawful, could not avail plaintiff in any way as to the separate property of S. S. Oliver's estate. Cleveland v. Cole, 65 Texas, 402; Blair v. Findlay, 75 Texas, 210; Chapman v. Allen, 15 Texas, 278; Morrison v. Clark, 55 Texas, 437; Blum v. Rogers, 71 Texas, 668; Reynolds v. Lansford, 16 Texas, 288; Thos. A. Pressley Heirs v. Robinson, 57 Texas, 453.

The plaintiff could not have the exclusive right to possess or control said property as against the right of the children and their legal guardian, A. G. Cox, she could only claim a division of the property according to her interest in said property, if she had any. Putnam v. Young, 57 Texas, 461; Clift v. Kaufman, 60 Texas, 64; Hoffman v. Hoffman, 19 Texas, 196; Martin v. McAllister, 61 S. W. Rep., 522.

D. M. Short & Sons, for appellee.—The election of a special judge by the bar on the first day of the term is at most but an irregularity and in the event the regular judge does not appear on the first day and open court the election of special judge on said day instead of on the next day becomes immaterial. Porter v. State, 12 Texas Ct. Rep., 925.

The appellee being in lawful possession of the property by reason of being left at the head of the family of A. M. Oliver and said property being community property of A. M. Oliver and his first wife, said possession could not be disturbed by a stranger to the estate; and when disturbed whereby damage resulted to appellee, the District Court and not the Probate Court had jurisdiction of the matters in controversy. Sec. 8, art. 5, Constitution; Andrews v. Parker, 48 Texas, 94; Thurber v. Conners, 57 Texas, 96; McDanmell v. Cherry, 64 Texas, 177.

First counter proposition under third assignment of error.—Under the allegations in the appellee's petition which the court found to be true, she was entitled at the time A. G. Cox took possession of A. M. Oliver's property to its exclusive control and possession; and after A. G. Cox qualified as guardian of the children, she was entitled to one-half the rental value of the homestead, and to the possession of the personal property exempt to the head of the family, and in addition, she was entitled to be restored to the possession of all of the personal property left with her as the head of the family at the death of her husband, A. M. Oliver, the possession of which had been taken from her previously by force as shown by record. Sec. 52, art. 16, Constitution; Rev. Stats., art. 2049, 2062; Eubank v. Landram, 59 Texas, 247; Reed v. Talley, 13 Texas Civil App., 290.

REESE, ASSOCIATE JUSTICE.—Mrs. Lida Oliver brought this suit in the District Court against A. G. Cox, O. S. Cox and Mary Gunter, alleging in her petition, in substance, that she is the widow of A. M. Oliver, deceased, who died at his home in Shelby County, Texas, March 20, 1904, intestate, leaving the plaintiff, his widow, with whom he was living at the time of his death, and seven minor children by Oliver and a former wife now deceased. That deceased at his death was possessed, in his own right, of 80 acres of land, which was his homestead, and certain articles of personal property specifically described, which was all exempt from forced sale for debt; said property consists of household and kitchen furniture, cows, horses and such other property as would be found on a small farm. Among the articles of property described was $149.25 in cash. There is no administration upon the estate of said Oliver and no necessity therefor.

After her husband's death plaintiff continued with the children to occupy the homestead, and it was her intention to continue to do so and to use the personal property enumerated as a means of livelihood to maintain herself and said children.

It is alleged that while so in the occupation of said homestead, defendants entered into a conspiracy to compel plaintiff by force, threats and intimidation to leave the premises, and that in pursuance of this purpose, by the means aforesaid, they did compel her to abandon the premises and the property aforesaid, and to seek safety from violence at the hands of defendants under the protection of strangers, whereby she suffered much mental distress and humiliation, for which she claims actual damages in the sum of $10,000.

It is alleged that the value of the use of the property, real and personal, was $25 per month.

Plaintiff prays for judgment for the property, real and personal, or the value of such of the personal property as is not forthcoming, for the value of the use thereof, and damages as stated. The petition was filed June 25, 1904.

A. G. Cox (otherwise named in the petition as Brown Cox) answered that he was on July —, 1904, duly appointed by the Probate Court of Shelby County receiver of the estate of said minor children and qualified as such by making oath and giving bond, and was afterwards duly appointed and qualified as their guardian, he being an uncle of the children, whose deceased mother was his sister, and that he claimed no interest in the property on his own account, but had gone on the place for the purpose of cultivating the farm so as to make a living for the children, and under the orders of the Probate Court authorizing him to do so. He denies all charges of conspiracy, violence or intimidation made against him.

Defendant O. S. Cox denies generally the allegations of the petition, and pleads that he has no claim whatever upon any of the property described in the petition and that he has never at any time controlled or attempted to control the same.

Mary Gunter was dismissed from the suit by plaintiff; and on trial without a jury judgment was rendered for plaintiff against defendants A. G. Cox and O. S. Cox for the property described in the petition, or

the value of such of the personal property as could not be found, and in addition for one hundred dollars, as one-half of the reasonable annual rental value of the property, real and personal, and one thousand dollars exemplary damages, from which judgment defendants appeal. The judgment of the court embraces also the court's findings of fact.

It is not necessary to a disposition of this appeal to discuss all of the assignments of error presented by appellants, and we shall not undertake to do so further than may appear necessary for the guidance of the court upon another trial.

The objections to the trial of the case by the special judge are not well taken. The regular district judge not appearing to hold the court on the first day of the term, it was lawful for the attorneys in attendance to proceed to the election of a special judge. The statute authorizing this proceeding does not require that this shall not be done until the second or any succeeding day, but only that "whenever, on the day appointed for a term of the court" the judge thereof shall be absent, the practicing lawyers of the court present may proceed to elect a special judge (Art. 1071 Rev. Stats.). It appears that the special judge so elected on the first day of the term, after serving for a part of the term, resigned, and on the twenty-first day of the term, the regular judge being still absent, another special judge was duly elected by whom this case was tried. Such special judge was authorized to hold the balance of the term and transact the business of the court. The regularity of his election is not otherwise assailed than as herein indicated.

There is no merit in appellants' contention that the District Court had no jurisdiction to adjudicate the matters involved in the petition, but that jurisdiction was in the Probate Court.

The court finds that all of the property described in plaintiff's petition is community property of the deceased A. M. Oliver and his first wife, S. S. Oliver, mother of the children referred to in plaintiff's petition, and this finding is assailed so far as the real estate constituting the homestead is concerned, defendants contending that this is the separate property of the first wife. This contention is based upon the fact that although the property was bought by A. M. Oliver during the first marriage, he only paid in cash $100 of the purchase money of $420, and that the four promissory notes of $80 each, given by him for the balance of the purchase money, were taken up by the father of the deceased wife, and two of them were given to his daughter as her share of her father's estate. It does not clearly appear what has become of these notes, nor of the other two of the four notes given. At any rate, the fact that these notes became the separate estate of the deceased wife would not affect the character of the land as being community property. If they are still enforceable and not barred by limitation they would constitute a valid claim in the hands of the children, to whom they belong, against the estate, and a lien on the land, but not enforceable in this suit.

Being community property of A. M. Oliver and his first wife, and the land constituting the homestead, the title to one-half thereof, upon the death of the first wife, descended to, and became vested in, the children of such first marriage, but was not subject to partition during the life of the father or so long as he should choose to use or occupy the

.same as a homestead. (Const., art. 16, sec. 52.) Upon the death of the father the property became subject to be partitioned, as between the children of the first marriage and the plaintiff, whereby the one-half inherited by them from their mother may be set apart to them. In the other half, however, being the father's share of the community, upon such partition, the plaintiff would still have her right of homestead so long as she might elect to use and occupy it as such. In addition to her homestead right in this half, she owns by inheritance from her husband a life estate in one-third thereof, with remainder to the children of the first marriage, who take also the other two-thirds absolutely, but this half is not subject to partition between plaintiff and the children so long as plaintiff may elect to use or occupy it as a homestead. (Pressley v. Robinson, 57 Texas, 453; Gilliam v. Null, 58 Texas, 304.) The land constituting the homestead, however, not having been partitioned, plaintiff had a right to occupy the homestead as it was, embracing the entire tract, in conjunction with the children who had an equal right. A. G. Cox in his individual right had no legal right of occupancy of this homestead, and although it appears that his motive in going and remaining upon it was, so far as the evidence shows, entirely disinterested and for the purpose of taking care of his mother, a constituent of the family at the death of A. M. Oliver, and the children of his deceased sister, he had no legal right to do so against the objection of plaintiff who was the head of the family, at least until he was appointed guardian of the children. He quite candidly admits that he took charge of things generally and proceeded to cultivate the farm, without consulting plaintiff, and practically ignored her rights as head of the family and her objections to his remaining upon the place. He does not appear to have done more than this, or to have denied, or attempted to interfere with, her right also to the use and occupancy of the homestead as one of the family. We do not think that her right, in the circumstances, can be limited to a mere right of occupancy as a member of the family, or that the acts of A. G. Cox, according to his own admissions, did not constitute such an interference with her rights, as to authorize this suit on plaintiff's part to be reinstated in her right, not only to occupy the homestead as a member of the family, but to recover the possession thereof. (Art. 2049, subdivision (4), Rev. Stats.) This would be the condition at the time appellee left the premises. The rights of A. G. Cox as guardian of the persons and estates of the children, however, are different. The children being the owners in fee of the entire property subject only to the life estate of appellee in one-sixth of it and her homestead right in an undivided one-half, we think that the guardian of the persons and estate of the children, if so authorized by the Probate Court, would have a right to occupy the undivided homestead jointly with appellee. This right would not extend, however, to any members of his family if there are such.

So far as the personal property is concerned, which is all community property of Oliver and his first wife according to the finding of the trial court, following by analagy the rule laid down for the disposition of the same in case of administration upon the estate, the children and appellee being entitled thereto in the proportion of five-sixth to the children and one-sixth to the appellee, and the guardian being entitled

to have the share of the children delivered to him, appellee would not now be entitled to judgment for more than her proportionate share of it, or to be restored to the proportionate use and enjoyment thereof, jointly with the guardian acting for and in the interest of his wards, until partition of the same.

If appellee is entitled to damages by way of the rental value, or the value of the use and enjoyment of the homestead, by reason of having been compelled by appellant A. G. Cox to leave the premises, the measure of her actual damages would be the half of such rental value of the homestead, and the value of the use and enjoyment of one-sixth of the exempt personal property during the time she was deprived thereof by appellant A. G. Cox, if in fact she has been so deprived.

The court rendered judgment against both A. G. Cox and O. S. Cox for all of the property and for $100 actual and $1,000 exemplary damages, upon the theory that there was a conspiracy between them to compel appellee to leave the premises by intimidation and threats of violence.

We can find no evidence in the record of such a conspiracy. The judgment against O. S. Cox for anything is without any evidence whatever to support it. The sum total of his offending appears to have been that previous to the death of A. M. Oliver, with whom he had not been on good terms, he wrote to his brother, A. G. Cox, who lived in Louisiana, and who appears not to be encumbered with any family of his own, and informed him that Oliver was about to die, and suggested or requested that he come to Texas and take charge of the place and act as guardian of the children and care for their mother who was a member of the family at the time of Oliver's death, and that he further, when A. G. Cox went back to Louisiana for his household effects, sent a negro over to the place to plough the crop for two days for which he paid out of his own pocket. He testifies very candidly and evidently with sincerity that he and Oliver had had nothing to do with each other for some time before Oliver's death; that he had heard that Oliver did not desire him to have anything to do with his affairs after his death, and that he himself had as little desire in that direction as Oliver.

The judgment for exemplary damages against A. G. Cox is likewise without evidence to support it. His conduct shows at the most want of sufficient regard for appellee's rights as head of the family in the absence of a legal guardian of the children, and a disposition to manage things without consulting her. He should not have established himself in the house against her wishes, but she testifies herself that neither A. G. Cox nor O. S. Cox ever at any time said anything out of the way to her; that neither of them ever told her to leave the place or objected to her coming back. Neither of them had anything to do with the episode of the claw-hammer, or the fight or fracas between appellee and Francis Oliver, which appears to have been the immediate cause of appellee's leaving the place, nor with the talk of the women in the neighborhood to the effect that she ought to be taken out and whipped. There is nothing in the evidence that can furnish even a well grounded suspicion that either A. G. or O. S. Cox had any connection with either of these offenses against appellee.

The testimony of Ellison and Powdrell relating to these occurrences

as set out in the thirteenth and fourteenth assignments of error, and of Drury Field, as pointed out in the fifteenth assignment, should not have been admitted over the objection of appellants. The evidence shows no liability on the part of O. S. Cox of any kind, and no liability on the part of A. G. Cox for exemplary damages.

If upon another trial it be found that A. G. Cox is liable at all, in determining the rights of appellant to the use and occupancy of the homestead and the use of the exempt personal property and her damages for being deprived of such use due regard should be had to the rights of the children and of A. G. Cox as their guardian as herein suggested.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*