WOLNITZEK et al. v. LEWIS et al.

(Court of Civil Appeals of Texas. Austin. Oct. 29, 1913. On Motion for Rehearing, Dec. 10, 1913. Further Rehearing Denied Jan. 14, 1914.)

1. COURTS (§ 202*) — APPEAL BOND — PERSON TO WHOM PAYABLE.

The appeal bond in probate proceedings is payable to the county judge, as such, and hence the fact that an appeal bond was made payable to the county judge of the county, who was disqualified to try a probate case, instead of to the special judge appointed in his place, was immaterial, since the special judge would be held to be the "county judge," to whom it was payable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 151*) — PROBATE — APPEAL—RIGHT OF APPEAL.

Where appellants did not sue to establish a will, but were made parties to a suit brought by appellee to probate a will when they alleged the making of a subsequent will to that sought to be probated, appellants' failure to offer any evidence would not prevent them from appealing from the judgment of probate, under Rev.

Civ. St. 1911, art. 3631, permitting any person aggrieved to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Application by J. B. Lewis for the probate of a will, which Oscar Wolnitzek and others contested. From a judgment for proponent, contestants appeal. Reversed and remanded.

Jno. P. Bell, of San Angelo, Johnson, Mathaei & Thompson, of Bellville, and Atkinson & Atkinson, of Houston, for appellants.

Findings of Fact.

JENKINS, J. Appellee J. B. Lewis, who was named as independent executor in the joint will of Peterus Paulus Wolnitzek and his wife, Franciska Wolnitzek, executed April 6, 1903, made application to the county court of Austin county for the probate of same. As appears from the final pleadings of appellants, they contested the probate of said will on the ground that it had been revoked by a subsequent will, which they filed and asked that the same be probated, and also upon the ground of undue influence in obtaining the will of 1903.

The county judge of Austin county being disqualified, Hon. J. R. Heslip was appointed special judge to try the case, and judgment was entered as follows: "In the Matter of Paul and Franciska Wolnitzek, Deceased. No. 1461. In the County Court of Austin County, Texas, February Term, A. D. 1912. This day came on to be heard the application of J. B. Lewis to probate the will of Peterus Paulus Wolnitzek and Franciska Wolnitzek, of date April 6, 1903, who appeared by counsel, and there came also Oscar and Alma Wolnitzek in their own behalf, and in behalf of the minors, Alvin and Norma Wolnitzek, by their attorneys, who offered for probate, in opposition to the aforesaid will, another instrument bearing date July 7, 1910, as the last will of Paul Wolnitzek, deceased. The proponents of the first will herein mentioned offered their evidence after the pleadings were read, and the parties representing the other purported will declined to offer any testimony. It appeared to the court that the instrument dated April 6, 1903, was and is the last will of Paul and Franciska Wolnitzek, deceased, and at the time of executing same they were of sound and disposing mind and memory. It is ordered, adjudged, and decreed by the court that the said will of date April 6, 1903, be and the same is hereby admitted to probate and ordered placed on record, and the other instrument purporting to be the will of Paul Wolnitzek, dated July 7, 1910, be not admitted to probate. It is further ordered by the court that John B. Lewis be and he is hereby appointed as independent executor under said will; and that he be

not required to give bond; and it is ordered that he proceed to take charge of said estate, and administer the same in accordance with the provisions of the will aforesaid. It is further ordered by the court that C. Schauerhammer, C. F. Hellmuth, and L. A. Machemehl be and they are hereby appointed to appraise and file an inventory of all the property of Paul and Franciska Wolnitzek, deceased, or either of them. To all of the orders, aforesaid contestants, by their attorneys excepted, and gave notice of appeal, in open court, to the district court of Austin county, Tex."

The judge trying the case did not fix the amount of the appeal bond, and, so far as the record shows, was not requested to do so.

Appellants, within the time allowed by law, filed an appeal bond, payable to the county judge in the sum of $500, conditioned as the law requires, which was approved by the county clerk.

In the district court appellee filed the following motion: "To the Hon. District Court of Austin County, Texas. Now comes J. B. Lewis, proponent of the joint will of Paul and Franciska Wolnitzek, deceased, and moves the court to dismiss the appeal of Oscar Wolnitzek and Alma Wolnitzek, contestants herein, for the following reasons, to wit: First. Because said appeal bond is not sufficient in amount as required by law. Second. Because said appeal bond does not sufficiently describe the judgment rendered in the county court of Austin county, Tex., in the case of the estate of Paul Wolnitzek and Franciska Wolnitzek, deceased, to identify the same. Third: Because said appeal bond is not conditioned as required by law, and is not made payable to the proper officer, as required by law. Fourth. Because said appeal bond is wholly insufficient in that it fails to set out and describe properly the judgment and the disposition of the parties to this cause in the county court of Austin county, Tex. Wherefore proponent prays that the appeal herein be dismissed."

The district court entered judgment "that said motion be in all things sustained, and that the appeal of said Oscar and Alma Wolnitzek (appellants herein) is ordered dismissed, and this cause stricken from the docket of this court." Thereupon the appellants filed a written motion, asking that they be allowed to amend their appeal bond by filing a new bond upon such terms as the court might prescribe, which motion was denied by the court. Appellants, having perfected their appeal to this court, assign error upon the action of the district court in dismissing their appeal on account of alleged defects in their appeal bond, and also in overruling their motion to amend said bond.

### Opinion.

The trial court did not file any findings of fact or conclusions of law. No brief has been filed by appellees, and we are somewhat at a loss to determine upon what grounds the action of the court was based. We gather from the argument and authorities cited in appellants' brief, though such fact is not therein directly stated, that the court sustained the motion to quash the appeal bond upon the grounds: First, that the same was payable to the county judge of Austin county, who is shown to have been disqualified to try the case, when it should have been payable to the special county judge who tried the same; and, second, that the amount of the appeal bond had not been fixed by the county judge who tried the cause.

[1] 1. As to the first objection to the appeal bond above set out, if the trial court so held, we think it was in error. The bond in such cases is payable to the county judge, as such, and he has no personal interest in it. It may be enforced by his successor. And, besides this, so far as this case is concerned, if necessary to the enforcement of the bond, it must be held that the special judge was the county judge.

2. The objection that the amount of the appeal bond was not fixed by the county judge trying the cause presents a more serious difficulty. The act of 1848 required that the amount of the appeal bond in such cases should be fixed by the Chief Justice. P. D. 1384. Our attention has not been called to any case arising under this statute in which the issue was presented that the amount of the bond had not been fixed by the Chief Justice. This provision with reference to fixing the amount of the bond was omitted from the act of August 9, 1876. See R. S. 1895, arts. 2255 and 2256. It was not stated in this act who, if any one, should fix the amount of the appeal bond. The act of 1909 (R. S. 1911, art. 3632) requires the party appealing to give bond "in any amount to be fixed by the county judge." Section 2 of said act declares that "The uncertainty as to the amount of the bond that should be given in appeals in probate cases * * * creates an emergency," etc. Acts of 1909, p. 283. In view of the previous legislation on this subject, we construe the act of 1909 to require that the amount of the bond must be fixed by the county judge, and as he did not do so, and was not requested to do so in this case, the trial court did not err in sustaining the motion to quash the appeal bond.

3. If the amount of the bond had been fixed by the county judge, and the bond had been deficient as to amount, or had there been any other defect as to form or substance, appellants should have been permitted to cure such defect by giving a new bond; but as no amount had been fixed by the county judge, and as the district court to which the case had been attempted to be appealed had no authority to fix such amount, it could not say that any new bond that might have been tendered cured this defect.

4. If we are wrong in our conclusions of law as above set forth, still, we think the

judgment of the trial court dismissing the appeal must be sustained for the reason that, under the pleadings in this case, the contestants did not call in question the execution of the will sought to be probated, but contested the same upon two affirmative propositions, viz.: Undue influence, and the execution of a subsequent will. As shown by the judgment above set out, "the proponents of the first will herein mentioned offered their evidence after the pleadings were read, and the parties representing the other purported will declined to offer any testimony." This amounted to an abandonment of their contest, and there was nothing from which to appeal. Sorrell v. Stone, 127 S. W. 300, and authorities there cited.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

1. Upon a former day of the present term of this court, we affirmed the judgment of the trial court dismissing appellants' appeal for the reasons that the judge of the county court from which said appeal was taken did not fix the amount of the appeal bond, and that appellants, by not offering evidence as to an alleged will of Wolnitzek and wife upon the trial in the county court, had abandoned their cause of action. In the motion for rehearing counsel for appellants has filed an affidavit to the effect that the fact that the probate judge had not fixed the amount of the appeal bond came to his knowledge before the expiration of the time for filing a new bond herein, and that he spoke to counsel for appellee, who stated to him that this point would not be raised on appeal to the district court; that the motion, as originally made in the district court, did raise this point, but that upon attention of the counsel for appellee being called to the agreement, he admitted that he had made such agreement, and erased that ground of the motion. Attached to the motion for rehearing is a certified copy of the motion to dismiss appeal as originally filed, and the erasures therein, which shows that the first ground of said motion as filed read as follows: "Because said appeal bond is not sufficient in amount, and the amount named therein was not fixed by the county judge or of (by) any special county judge presiding in this case in the county court of Austin county, Tex., as required by law." That the words following the words "in amount" and preceding the words "as required by law" are erased. In our original opinion herein we stated that it did not clearly appear upon what grounds the trial judge sustained the motion to quash the appeal bond, but we presumed that it was upon the ground that the probate judge had not fixed the amount of the same. It appears from the affidavit and the certified copy above referred to that this ground was especially waived, and did not therefore form the basis of the judgment of the trial court.

[2] 2. We have concluded that we were in error in holding, upon the authority of Sorrell v. Stone, 127 S. W. 300, that appellants' appeal should have been dismissed by the district court, for the reason that they offered no evidence in the probate court. In the Sorrell Case, supra, appellant had filed a motion to set aside the probate of a will, thereby becoming the plaintiff in the cause, and we think it was correctly held in that case that the refusal to offer any testimony in support of plaintiff's cause of action was an abandonment of the suit, therefore no appeal would lie; but, in the instant case, appellants did not bring suit to establish a will, but were cited as proper parties in a suit brought by appellee to probate a will. It is true that appellants in their contest allege the making of a subsequent will, and offered no evidence to sustain the same. The statute (article 3631, R. S. 1911) provides as follows: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court shall have the right to appeal therefrom to the district court of the county, upon complying with the provisions of this chapter." The provisions of the chapter referred to are that the party appealing shall execute a proper appeal bond, or make affidavit of inability to do so. The decree of the county court in this case was that the will offered by appellee should be admitted to probate. Appellants considered themselves aggrieved by this decree, as indicated by their notice of appeal, and executed an appeal bond, which we hold was in due form and in sufficient amount.

For the reasons above stated, the motion for rehearing is granted, and the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

Motion granted. Reversed and remanded.