**HONSE v. FORD et al. (No. 7057.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924.)

1. **Judges ⬅15(2)—Second substitute judge properly elected and not disqualified.**

Practicing lawyers under Rev. St. arts. 1678, 1679, 1684, having the power in the absence of the regular judge to elect one of their number to act, upon failure of one so elected to complete the term, may proceed under the same law to elect another, nor would the fact that the one so elected was a resident of another county affect his qualification.

2. **Trial ⬅21—Abuse of discretion in hearing of cause in absence of counsel held not shown.**

An abuse of discretion in hearing and determining, in the absence of plaintiff's counsel, a cause which was regularly reached in regard to its number and setting on the call of the docket, and which had been long pending, *held* not shown.

3. **Trial ⬅23—Failure to appoint a stenographer to take down testimony held not error.**

Failure of the court to appoint a stenographer to take down testimony in a case *held* not error.

4. **Appeal and error ⬅901—Court required to search record for fundamental error.**

When a fundamental error is claimed by reason of an instructed verdict duly assigned, the appellate court is required to search the record for same.

Appeal from District Court, Kleberg County; L. D. Stroud, Special Judge.

Action by Frank Honse against C. N. Ford and others. Judgment for defendants, and plaintiff appeals. Affirmed.

T. Wesley Hook, of Weatherford, for appellant.

Kleberg & North, of Corpus Christi, and C. H. Reese and E. H. Crenshaw, Jr., both of Kingsville, for appellees.

COBBS, J. In briefing this case appellant has paid little or no attention to the rules prescribed for good briefing, and appellees insist we should not consider the assignments.

This suit was filed by appellant against appellees and Sam Smith as an ordinary suit in trespass to try title to about 32 acres of land situated in Kleberg county.

Later a second suit was filed by him to set aside a conveyance of July 19, 1915, by Sam Smith to C. N. Ford, appellee, to the same land, on the alleged ground that it was made with the purpose and intent to defraud creditors of Sam Smith, and especially appellant, who had a personal judgment against him for $400. Appellant, by an amendment filed, combined the two suits in one.

Sam Smith filed a plea of intervention alleging appellee executed and delivered to him three certain vendor's lien notes as a part of the consideration for the purchase of the land described in appellant's petition, aggregating $1,000 and seeking a foreclosure of the lien.

Appellee by amendment pleaded not guilty, limitation to that part of appellant's cause seeking to set aside deed to appellee as fraudulent, and averring that appellant recovered judgment in the county court and caused an execution to be levied upon the land involved in this suit, which he purchased at the sheriff's sale and accepted the sheriff's deed thereto, and by filing suit in trespass to try title elected his remedy and estopped himself from pursuing the inconsistent remedy contained in his suit, to set aside the deed to the land that belonged to appellee, alleging that the deed created a cloud upon the title, and asked that he be quieted in his title to the land sued for and that the deed be canceled.

The cause was tried before the court with a jury, and the jury returned an instructed verdict for the appellee C. N. Ford against the appellant, Frank Honse, and for the intervener, Mrs. R. F. Saunders, in the sum of $1,232, as principal, interest, and attorney's fees, due on the notes and a foreclosure upon the land described in appellant's petition. The court heard and considered all the evidence introduced by appellee, the appellant's counsel not being present, and no evidence being offered in his behalf. Appellant filed his amended motion to set aside the judgment and for a new trial, the first ground of which raised the question as to the qualification of the special judge who tried the case.

[1] Hon. W. B. Hopkins, the regular judge of that district, being absent at the regular term when said cause was tried, he being engaged in the trial of a lawsuit in Nueces county, another court, at a special extended term, could not hold this court. Whereupon the practicing lawyers present in court at the time proceeded to and did elect from their number Hon. E. H. Crenshaw, who qualified and held part of the term, and disposed of a part of the business, and then resigned and refused to further act, being also disqualified in this case. Whereupon the lawyers in attendance at the court elected Hon. L. D. Stroud, a practicing lawyer present, whose residence was in Bee county, who qualified as such and proceeded to act and hold the court for the balance of the term, and disposed of the remaining business.

If the practicing lawyers, as conceded by appellant, had the power in the first instance to elect Mr. Crenshaw, a practicing attorney from those present, to hold the term, by the same law and the same logic they had the right to elect Judge Stroud, another practicing attorney present, upon the failure and refusal of the first elected to hold court for the balance of the term and dispose of the busi-

ness, to prevent a hiatus or interregnum in the people's business at that term, caused by the enforced absence of the regular judge, and the failure of Judge Crenshaw to finish out the term of court. There is nothing in the point raised that the Hon. L. D. Stroud resided in Bee county. He had for many years been an eminent practitioner at the bar in this state. Article 1678, Revised Civil Statutes; article 1679, Revised Civil Statutes; article 1684, Revised Civil Statutes; Cox v. Oliver, 43 Tex. Civ. App. 110, 95 S. W. 598; Merrell v. State (Tex. Cr. App.) 70 S. W. 979; Webb et al. v. Reynolds (Tex. Civ. App.) 160 S. W. 152.

[2] We do not think there is any diligence shown, or merit in appellant's contention that the court erred or abused its discretion in proceeding to hear and determine the cause in the absence of appellant's counsel. The case was regularly reached in regard to its number and setting on the call of the docket. This case was before this court on a former appeal and was reversed and remanded. 225 S. W. 860. It had long pended on the docket.

[3] There was no error committed by the court in not appointing a stenographer to take down the testimony in this case.

[4] When a fundamental error is claimed by reason of an instructed verdict duly assigned, we are required to search the record for the same. We have carefully examined the brief of appellant and read the testimony that is challenged by him to which no objection, of course, was made by counsel, who resided some 500 miles away from where this case was tried, and we find no error of law committed in its introduction and consideration by the court. The testimony amply supports the judgment.

Finding no reversible error assigned, the judgment of the trial court is affirmed.