### WELLS v. ARLEDGE.  (No. 2888.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1924.)

**1. Appeal and error** ⟺389(3)—**Proof of inability to give appeal bond must be made to county judge when court trying case has adjourned.**

When a court that tried the case has adjourned, proof of inability to file appeal bond, under Rev. St. art. 2098, must be made before the county judge of the county where appellant resides, and, if a contest is filed, issue of inability must be determined by the county judge of the county where the case was tried.

**2. Appeal and error** ⟺389(2)—**Affidavit of inability to give appeal bond held sufficient.**

Where appellant resides in the county where the case was tried, an affidavit of inability to give security for appeal costs, pursuant to Rev. St. art. 2098, made before the county judge of that county, who is not disqualified, is sufficient when there is no contest of the issue.

**3. Judges** ⟺56—**County judge disqualified to try case is disqualified from performing any judicial act necessary to give jurisdiction to appellate court.**

Where a county judge of the county where appellant resides is disqualified to try the case because of some of the conditions specified in Constitution and statute, he is for the same reason prohibited from performing any judicial act which a trial judge or court must perform before jurisdiction of the appellate court attaches, and an affidavit of inability to give appeal bond, pursuant to Rev. St. art. 2098, made before him, is of no more value than if made before a notary public or clerk of a court.

**4. Appeal and error** ⟺389(3)—**Affidavit of inability to file appeal bond, made before one other than county judge, who must pass upon its sufficiency, must be presented to county judge not disqualified.**

When an affidavit of inability to file appeal bond as provided in Rev. St. art. 2098, is made before any officer other than the county judge, who must pass upon its sufficiency, it must be presented to a county judge who is not disqualified to perform that judicial function.

**5. Judges** ⟺56—**Determination of sufficiency of proof of inability to give security for appeal costs held judicial act not performable by disqualified county judge.**

The determination of the sufficiency of the strict proof required by Rev. St. art. 2098, of inability to give security for appeal costs, is a judicial act which a disqualified county judge cannot perform.

**6. Appeal and error** ⟺389(3)—**Affidavit of inability to file appeal bond held insufficient, so that dismissal of appeal was proper.**

On appeal in a case tried before a special judge selected by agreement of parties because of the disqualification of the county judge, an affidavit of inability to file appeal bond should be presented to the special judge, who is to be regarded as the "county judge" for the performance of all the duties required of the trial judge, or of the judge of the county court, in the perfection of the appeal.

Appeal from Houston County Court; Nat Patton, Judge.

Action by D. F. Arledge against Bob Wells and another. Judgment for plaintiff, and defendant named appeals. Appeal dismissed.

Moore & Ellis, of Corckett, for appellant.
Aldrick & Crook, of Corckett, for appellee.

HODGES, J. The appellee, Arledge, sued J. C. and Bob Wells in the county court of Houston county and recovered a judgment against them for $152.78. The record shows that because of the disqualification of Hon. Nat Patton, the county judge, the case was tried before John Spence, a special judge, selected by agreement of the parties. An appeal is prosecuted by Bob Wells alone. In lieu of an appeal bond he filed an affidavit sworn to before the regular county judge,

Hon. Nat Patton, after the terms of court had ended. The affidavit is in the usual form, and after his jurat the county judge added the following:

"I took the foregoing affidavit merely as an officer authorized to administer oaths, but do not undertake to recognize it in my judicial capacity, because I was disqualified to try the case of D. F. Arledge v. J. C. Wells."

There is nothing in the record to indicate that this affidavit was presented to or passed upon by the special judge who tried the case, or any other special judge selected or appointed for that purpose, nor was there any other proof made of the inability of Bob Wells to execute the appeal bond required by law.

A motion has been filed in this court to dismiss the appeal because the statutory requirements for perfecting an appeal without bond have not been complied with. Article 2098 provides that where the appellant, or plaintiff in error, is unable to pay the costs of appeal or give security therefor, he may prosecute an appeal by making strict proof of his inability to pay the costs or any part thereof.

"Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

The language of this article is somewhat indefinite; but in construing it our Supreme Court has held that it requires more than a simple affidavit made before "any officer authorized to administer oaths." Wooldridge, Assignee, v. Roller, 52 Tex. 451; Smith v. Buffalo Oil Co., 99 Tex. 78, 87 S. W. 659.

In the first case cited above the court said:

"If the proof of inability is made in the court trying the case while in session, the contest shall be before it; if before the judge of the county court of the county where appellant resides, then it shall be before the judge of the county court in which the case is tried. The proof in the first instance, it is clear, consists simply of the affidavit of the party. But must this affidavit be made before the county judge, or is it sufficient to present to him the affidavit of appellant to the facts, made before some other officer authorized to administer oaths? The former course certainly seems to us more direct and simple. But if the affidavit may be made before some one else, it must be presented to the county judge, and he must certify that the fact required to be verified by the affidavit had been proved before him; and then the affidavit and certificate of the county judge must be filed with the clerk or the court in which the case is tried, in time to perfect the appeal. When thus filed, this proof of appellant's inability to give security may be contested before the judge of the county court of that county."

[1-4] When the court that tried the case has adjourned the proof of inability must be made before the county judge of the county where the appealing party resides, and, as stated above, if a contest is filed, that issue must be determined by the county judge of the county where the case was tried. Where the appealing party resides in the county where the case was tried, as in this instance, an affidavit made before the county judge of that county is sufficient when there is no contest. But when the county judge of that county is disqualified to sit in the trial of the case because of some of the conditions specified in the constitution and the statute, he is for the same reason prohibited from performing any judicial act which a trial judge or court must perform before the jurisdiction of the appellate court attaches. It may be conceded that he would be authorized to administer the oath embraced in an ordinary affidavit, but such an affidavit, when made before a disqualified county judge, would be of no more value than if made before a notary public or the clerk of a court. When an affidavit is made before any officer other than the county judge, who must pass upon its sufficiency as proof of inability to make an appeal bond, it must be presented to a county judge who is not disqualified to perform that judicial function in the case.

[5, 6] Let us assume that in this case the regular county judge is related to the appealing party within the prohibited degree mentioned in the statute, and a contest had been filed. Could it be said that he was not disqualified to hear and determine that contest? If he could not hear and decide the contest, he would for a like reason be disqualified to exercise the judicial function of passing upon the sufficiency of an affidavit made before some other officer and presented to him for his approval. The determination of the sufficiency of the "strict proof" of inability to give security for costs in such cases is a judicial act which a disqualified county judge cannot perform. The special judge who tried this case should be regarded as the "county judge" for the performance of all the duties which are required of the trial judge, or of the judge of the county court, in the perfection of the appeal.

For the reasons stated the affidavit was insufficient, and the appeal will be dismissed.