**William R. EDWARDS, Appellant,**

**v.**

**The STATE of Texas ex rel. Lee H. LYTTON, Jr., County Judge of Kenedy County, Appellee.**

**No. 254.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 31, 1966.

Rehearing Denied Sept. 22, 1966.

Ben F. McDonald, of McDonald & Spann, Corpus Christi, for appellant.

Hawthorne Phillips and Harold G. Kennedy, Asst. Attys. Gen., Austin, for appellee.

## OPINION

GREEN, Chief Justice.

This is a quo warranto action brought in the district court of Nueces County, Texas, by the Attorney-General of Texas and the District Attorney of Kenedy County, 105th Judicial District of Texas, on the relation of Lee H. Lytton, Jr., County Judge of Kenedy County, Texas, to have appellant removed as special judge in cause No. 348 pending in the county court of Kenedy County, Texas. The sole issue is whether appellant William R. Edwards, a non-resident of Kenedy County at all times concerned, is disqualified from serving as special judge in said cause No. 348 because of such non-residency in the county.

The facts concerning this issue are not in dispute. On about July 25, 1962, a will contest proceeding was filed in the county court of Kenedy County styled Raul Trevino, et al. v. Louis Edgar Turcotte, et al., No. 348 on the docket. Judge Lytton certified his disqualification in said cause to the Governor of Texas, who, on January 15, 1963, acting under the provisions of Art. 1932, Vernon's Ann.Tex.Civ.St., named appellant William R. Edwards to be special judge in said cause No. 348. Appellant thereupon took the oath of office, filed bond, and entered into the exercise of the powers and duties as such special judge. Cause No. 348 is still pending, untried, on the docket. Appellant at the time of said appointment was, and at all times since has been, an attorney at law with his residence and office in Corpus Christi, Nueces County, Texas. He has at no time been a resident of Kenedy County, Texas.

Motions for summary judgment were filed by appellees and by appellant in the district court. On the hearing of said motions, the court sustained the motion of appellees, and ordered appellant "removed from the office of Special County Judge of Kenedy County, Texas, in Cause No. 348, styled Raul Trevino, et al. v. Edgar Turcotte, et al., for the sole reason he is not a resident of Kenedy County Tex." Appellant's motion for summary judgment was overruled. Appellant duly excepted and gave notice of appeal to this court. Supersedeas bond approved by the trial judge and the district clerk was filed by appellant.

Appellant presents two points of error, they being in effect (1) the error of the

trial court in entering summary judgment removing him as special judge in cause No. 348 for the sole reason that he is not a resident of Kenedy County where the cause is pending, and (2) the error of the trial court in overruling his motion for summary judgment for the same reason, i. e., non-residency in Kenedy County. Appellant's position is that neither the Constitution nor the statutes of the State of Texas require that a special judge in a probate proceeding, appointed for a single case under the provisions of Art. 1932, V.A.T.S., be a resident of the county where the cause is pending during his period of service as such special judge. The majority of this Court agrees with appellant, and both of his points of error are sustained.

The constitutional basis for the office of county judge is Art. 5, Sec. 15, Tex. Constitution, Vernon's Ann.St., reading as follows:

"Sec. 15. There shall be established in each county in this State a County Court, which shall be a court of record; and there shall be elected in each county, by the qualified voters, a County Judge, who shall be well informed in the law of the State; shall be a conservator of the peace, and shall hold his office for four years, and until his successor shall be elected and qualified. He shall receive as compensation for his services such fees and perquisites as may be prescribed by law."

The last sentence of Art. 5, Sec. 16 of our constitution reads:

"When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law."

To the same effect, Art. 5, Sec. 11, after providing the remedy in case of the dis-

qualification of a judge of any one of the appellate courts, as well as of a judge of a district court, prescribes that "This disqualification of judges of inferior tribunals shall be remedied and vacancies in their offices filled as may be prescribed by law."

The manner prescribed by law, and followed in this case, is set forth in Art. 1932, V.A.T.S., which reads as follows:

"Art. 1932. (1738) (1131) Special judge in probate matter

When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist. A special judge so appointed shall receive the same compensation as is now or may hereafter be provided by law for regular judges in similar cases, and the Commissioners' Court shall, at the beginning of each fiscal year, include in the budget of the county, a sufficient sum for the payment of the special judge or judges appointed by the Governor to act for the regular county judge."

None of the above constitutional and statutory provisions make any reference to any residential requirements as a qualification for either a county judge, or a special judge named for the trial of one case where the regular judge is disqualified. The only constitutional residence provision applying to county judges is found in Article 16, Sec. 14, Texas Constitution, as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

The question thus arises whether a special judge appointed under Art. 1932 to try one case in which the regular county judge is disqualified, and who has no official duties

or powers other than those pertaining to the disposition of that case, is such a county officer as to be included within the purview of Art. 16, Sec. 14, Texas Constitution. Although this particular question as to a special judge in a probate matter appears not to have been decided by our Texas courts, there is analogous authority on the residential requirements of specially elected district judges and an appellate judge which may be helpful in the decision of the law point.

Art. 5, Sec. 7, Texas Constitution provides that a district judge must have resided in the district for which he was elected for two years next preceding his election, and that he shall reside in his district during his term of office. Also, the provisions of Art. 16, Sec. 14, Texas Constitution, quoted above, would apply to regular district judges as well as to county judges.

In Honse v. Ford, Tex.Civ.App., 258 S.W. 527, the regular district judge was disqualified to act, and the practicing attorneys present in court elected as special judge Hon. L. D. Stroud, whose residence was in Bee County outside of the judicial district. Special Judge Stroud tried the case, and by motion for new trial and on appeal his qualifications were attacked. The court said:

"There is nothing in the point raised that the Hon. L. D. Stroud resided in Bee county. He had for many years been an eminent practitioner at the bar in this state. Article 1678, Revised Civil Statutes; article 1679, Revised Civil Statutes; article 1684, Revised Civil Statutes; Cox v. Oliver, 43 Tex.Civ.App. 110, 95 S.W. [596] 598; Merrell v. State (Tex.Cr. App.) 70 S.W. 979; Webb et al. v. Reynolds (Tex.Civ.App.) 160 S.W. 152."

If Art. 16, Sec. 14, Texas Constitution applies to special judges, Judge Stroud would have been disqualified, because he would have been a district officer not residing within the district. Honse v. Ford, supra, is not the case of an exchange of benches by regular district judges, or an assignment of a district judge to another district under the Judicial Administrative District statutes.

In Campbell v. McFadden, 9 Tex.Civ. App. 379, 31 S.W. 436, writ ref., Hon. Beauregard Bryan was appointed to sit as special judge of the Third Court of Civil Appeals, and wrote the opinion deciding the case. On motion for rehearing the point was raised of his legal disqualification since he was not a resident of the Supreme Judicial District in which the appellate court was located. Answering this point, the court said:

"The only question we deem necessary to discuss in the motion for rehearing is the one made that specially-appointed Justice BRYAN is disqualified to sit in this case, because he was not a resident of the Third supreme judicial district. We do not believe this position well taken. The constitution and the statute creating the courts of civil appeals do provide that the permanent members of the court elected should be resident citizens of the district, but are silent as to the qualifications of the persons selected and commissioned by the governor to sit as special judges, except that both the constitution and the statute creating the courts of civil appeals say: 'When the court of civil appeals or any member of either shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the governor of the state, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes.' Laws 1892, p. 30. This language is broad and general, and not restrictive, and does not limit—except in the particular named, to wit, that he shall be learned in the law—the qualifications of the person appointed. We believe, therefore, that Justice BRYAN, though he resided outside the Third supreme judicial district, was not disqualified. But, if he were, this question should have been raised in limine. Schultze v. McLeary, 73 Tex. [92], 94, 11 S.W. 924. The motion for rehearing is overruled."

From Hagler v. State, 116 Tex.Cr.R. 552, 31 S.W.2d 653, we quote as follows:

"The law question presented in this contention is whether the acts of a special judge duly elected and qualified in the manner provided by statute are void where he is a resident of a judicial district in Texas other than the one for which he purports to act. We think the question might perhaps be disposed of by sustaining the validity of the acts of such a special judge upon the theory that neither the Constitution nor the statute requires any residence within the judicial district prior to his election and qualification to office, as is the case with a regular judge. * * *"

The court, however, does not finally base its decision on this proposition, but holds that the special judge was a de facto if he was not a de jure judge, and that his acts were not subject to collateral attack.

In none of the three cases quoted from was a direct attack made on the residential qualifications of the special judge in a quo warranto proceeding. For such reason, and because the point in each instance was made for the first time by the losing party after judgment was rendered, we recognize that the quoted statements are not actually decisive of the legal problem before us. However, they do show the considered views of three of our appellate courts to the question discussed.

We are not here concerned with the residential requirements of a regular officer of a precinct, county, or district, holding office by virtue of election or appointment to a permanent office, and the provisions of 'the Election code as to such requirements (Art. 1.05; Art. 1.06, V.A.T.S.) cited by appellee do not apply. For the same reason, cases cited by appellant which involve regular county officers, such as State ex rel. Peden v. Valentine, Tex.Civ.App., 198 S.W. 1006, writ. ref. and Jordan, County Judge, et al. v. Crudgington, County Auditor, 149 Tex. 237, 231 S.W.2d 641, are not relevant to the particular issue here involved.

■ Appellant's duties and authority under his appointment as special judge in a probate matter are limited to the problems and matters arising in the probate court in the one case, No. 348. He exercises no other authority in Kenedy County. Judge Lytton continues to be the county judge of the county, with all of the rights, duties, and authority of such office except those as to the cause in which he was disqualified. Appellant was not appointed to fill any vacancy in the office of county judge, for no vacancy existed. He was named to render special services which, but for his disqualification, would have been rendered by the regular county judge. The appointment of appellant to render such special services does not make him the holder of a county office within the contemplation of Art. 16, Sec. 14, Texas Constitution, supra. Such section applies to the regular judge and to his office, as it does to other state, district and county officers in Texas. It is our holding that a special judge in a probate matter appointed under the provisions of Art. 1932, V.A.T.S., is not a county officer within the purview of Art. 16, Sec. 14, Texas Constitution, and that such special judge need not be a resident of the county where the suit is pending during his service as such special judge.

The trial court erred in sustaining appellees' motion for summary judgment, and in ordering appellant removed as special judge in probate in cause No. 348, County Court of Kenedy County, Texas, because of his non-residence in such county.

■ Since this is an appeal from an order granting one motion for summary judgment, and overruling another, we are authorized to determine whether the trial court erred in overruling appellant's motion for summary judgment, and to correct such error if any we find. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396; Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492. Such motion requested that appellant be declared to be the duly appointed and qualified special judge of

Kenedy County in cause No. 348, Raul Trevino, et al. v. Louis Edgar Turcotte, et al., pending in the county court of Kenedy County, Texas, and duly qualified to continue to act in such capacity.

The only attack made by appellees upon appellant's qualification to serve as special judge of the case pending in Kenedy County was based on the matter of residency. The undisputed facts show that he is otherwise qualified, under the constitution and statutes, to serve in such capacity. The trial court erred in overruling appellant's motion for summary judgment.

The judgment of the trial court is reversed. The order removing appellant as Special Judge in Probate of Kenedy County, Texas, in cause No. 348, styled Raul Trevino, et al. v. Edgar Turcotte, et al. is vacated. Appellant is declared to be the duly appointed special judge of Kenedy County, Texas, in said cause No. 348, and legally qualified to be and act as such special judge.

Reversed and rendered.

SHARPE, J., joins in this opinion.

## DISSENTING OPINION

NYE, Justice.

I respectfully dissent.

This is a case of first impression. The specific question concerns the residence requirement of a special judge to try a case in the county probate court.

The facts are undisputed. The regular county judge was disqualified and apparently the interested parties did not agree on the appointment of a proper person to try the case. Whereupon, the Governor appointed Judge Edwards, whose qualifications are not denied, except that he is a non-resident of the county in which the case is to be tried. A quo warranto action was brought by the State of Texas to enforce the sub- stantive law of this state. The trial court granted summary judgment in favor of the State of Texas holding that the special county judge was disqualified by reason that he was a non-resident of Kenedy County.

There are two constitutional provisions concerning the disqualification of the county Judge. Article V, Sec. 11 of the Texas Constitution provides that if a district judge is disqualified to try a particular case, the parties may by consent appoint a proper person or " * * * upon their failing to do so, a competent person may be appointed * * * *as may be prescribed by law.*" [1] * * * "* * * This disqualification of judges of inferior tribunals (county judges) shall be remedied and vacancies in their offices filled *as may be prescribed by law.* * * * *" The same rule applies specifically to county judges in Art. V, Sec. 16 of the Texas Constitution, wherein again the constitutional mandate is, that such person who is to try the case may be appointed "*as prescribed by law.*" Virtually the same language is used for the appointment of a substitute special county judge.

Article 1932, V.A.C.S., provides that when a county judge is disqualified to act in any probate matter, he shall certify his disqualification to the Governor whereupon the Governor "shall appoint *some person* to act as special judge in said case, * * *." This article makes no further reference to the qualifications of a special county judge to be appointed by the Governor other than to be "some person" who shall "act for the regular county judge", unless you look to the law as set forth otherwise. The Constitution does require that that person be "a proper person" or "a competent person". Art. V, Sec. 16. It is appellant's contention that since Art. 1932, V.A.C.S. makes no reference to residency qualifications, then residency is not a requirement for the appointment of a special county judge, "expressio unius est exclusio alterius".

---

1. Emphases throughout are supplied.

If no other constitutional provisions or statutory law pertain to the appointment of a special county judge, then such officer of the court would not be required to be a citizen of the United States, a resident of the State of Texas, or a resident of the county in which he was to serve. Art. XVI, Sec. 14, Texas Constitution provides that "All civil officers shall reside within the State; and all district or county officers within their districts or counties, * * * and failure to comply with this condition shall vacate the office so held." Since the Constitution provides for the appointment of a special judge, and requires that this judge shall be appointed *"as prescribed by law"*, then normal rules of statutory construction require the reading of Art. XVI, Sec. 14 of the Constitution into every statute providing for the election or *appointment* of every civil officer of this state. 53 Tex.Jur.2d 170, § 119; Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641. Art. V, Sec. 15 of the Texas Constitution requires that the county judge not only be "some person" (Art. 1932) or "a proper person" or "a competent person" (Art. V, Sec. 16, Texas Constitution), but also one "who shall be well informed in the law of the State; shall be a conservator of the peace `* * *`." (Art. V, Sec. 14, Texas Constitution).

Art. XVI, Sec. 19 of the Constitution directs the Legislature to set up the qualifications for the grand jurors and petit jurors "as prescribed by law." The law then prescribes that they be citizens of the United States, the State of Texas and residents of the county. Certainly it would follow that a special county judge should be deemed to have at least the minimum qualifications required of a petit juror or a grand juror. See Art. 2133, V.A.C.S. and Art. 19.09, C.C.P. Our Constitution sets forth residential requirements for persons that are permitted to vote. They too must be citizens of the United States, twenty-one (21) years of age, residents of the state, and they must reside within the county where they offer themselves to vote. Art. VI, Sec. 2, Texas

Constitution. Art. VI, Sec. 1 sets forth the classes of persons who are not allowed to vote. Certainly these "persons" would not qualify to be appointed to serve as a civil officer in this state.

The law now prescribes that no person shall be eligible to be appointed to any public office in this State unless he shall be eligible to hold office under the Constitution and the laws of this State and unless he is a citizen of the United States and shall have resided in this State for a period of twelve months and six months in the county. Art. 1.05, Election Code, formerly Art. 2927. The article goes on to provide that these residential requirements shall apply for the office to be filled, unless the Constitution or laws of the United States or the State of Texas prescribed different residential qualifications. See Art. XVI, Sec. 14, supra. It should be noted that Art. 1.05 as now written differs in some respects from the same article at the time of Judge Edwards' appointment. However, it did require that no person should be eligible to any county office in this State unless he shall be eligible to hold office under the Constitution and that he must be an actual bona fide resident of the county. See Art. XVI, Sec. 14, Texas Constitution. Art. 1932, V.A.C.S. provides for the Governor to make the appointment of the special judge. However, Art. 1.06 of the Election Code states that neither the secretary of the state nor the county judge of this State *nor any other authority* authorized to issue certificates, shall issue any certificate of appointment to any person appointed to any office in this State who is not eligible to hold such office under the Constitution of this State or under Art. 1.05 cited here above.

In the present case the special county judge has all the power and authority of a regular judge and should be required to have all the qualifications of a regular judge. He is paid the same salary by the county commissioners and at the same rate as the regular county judge. Markwell v. Galveston County, 186 S.W.2d 273, Tex.Civ.

App., err. ref.; Art. 1932, V.A.C.S. By law he is required to take the oath of office and to execute a bond. Art. 1928, V.A.C.S.; Porter v. State, 48 Tex.Cr.R. 125, 86 S.W. 767 (1905). Yet Art. 1932, V.A.C.S. and Art. V, Secs. 11 and 15 of the State Constitution are silent on the matter of a bond. His term of office continues during the time the disqualified county judge remains in office or until the case is concluded or unless it is removed by a proper proceeding. He is a constitutional officer and should be required to meet all of the constitutional requirements of that office and of the laws of this state. It has been held that the county judge under the Constitution is a county officer. State ex rel. Peden v. Valentine, 198 S.W. 1006, Tex.Civ.App. (1917) error refused; Wells v. Arledge, 259 S.W. 991, Tex.Civ.App. (1924). See also Wolnitzek et al. v. Lewis et al., 162 S.W. 963, Tex.Civ.App. (1913). It is true that he is not a *"county office holder"*, but nevertheless he does hold a civil office vesting in him a portion of the sovereign powers of the State of Texas. If appellant's theory that the special judge appointed by the Governor is to be only "some person", as set forth in Art. 1932, V.A.C.S., then it would not be necessary for that person to be a resident of the State of Texas nor even a citizen of the United States. This would be unthinkable. Yet when we look for the particular requirement of our laws that that "some person" be a citizen of the United States and a resident of the State of Texas, we also find without exception, that the law provides that he also be a resident in the county which he serves. As a civil office holder, he should be required to reside in the county where he serves, because he represents the people who reside in the unit in which he serves. Whitmarsh v. Buckley, Tex.Civ.App., 324 S.W.2d 298. He should be close to the people and available for service. I know of no law that would permit a county civil office holder or special county judge to be appointed or elected who would not be required to be a citizen of the United States, a citizen of Texas, and a resident of his county.

Unless the special county judge be considered a county officer there would be no statutory authority for his removal from office. See Art. V, Sec. 24. See also Art. I, Sec. 4; Art. III, Sec. 6. 7, 18, 19, 20, 23; Art. XV, Sec. 4; Art. XVI, Sec. 2, 4, and 5. If we ignore the provisions of the Constitution to say that they do not apply because Art. 1932, V.A.C.S. is all inclusive and does not list its terms as to the qualifications or disqualifications for holding the office of special county judge, we would in effect state that the Legislature by statute was attempting to overrule the applicable provisions of our Constitution. Without giving effect to Art. XVI, Sec. 14 requiring that civil officers be residents of this State and residents of the county in which they serve, I would hold that Art. 1932, V.A.C.S. would be unconstitutional.

Appellant cites Honse v. Ford, Tev.Civ. App., 258 S.W. 527, no writ history; Campbell v. McFadden, 9 Tex.Civ.App. 379, 31 S.W. 436, writ refused (1895), and Hagler v. State, 116 Tex.Cr.R. 552, 31 S.W.2d 653. These cases involve the residential requirements of two district judges and a justice of the Court of Civil Appeals. They are distinguishable. First of all, the residential qualifications of the judges in the three above cited cases were raised by collateral attack and not by direct attack. (2) They were all de facto judges, the same as I would hold as to the qualifications of Judge Edwards if his qualifications were questioned similarly on a collateral attack. (3) They were all state officers and not county officers. (4) The Constitution provides for district judges to freely exchange districts, Art. V, Sec. 11, Texas Constitution. There is no provision in the Constitution or the statutes that permit the exchange of benches for county judges. (5) These cases were decided prior to Art. 1.05, which was formerly Art. 2927 R.S., which did not specify that district officers must reside in their district.

Since the special county judge in probate is not a state or district officer, he must be a county officer and must reside in the

county. If he is a civil officer, he must also reside in the county. If he is not a county officer or civil officer, appellants have failed to tell this honorable Court what type of an officer, a special county judge in probate is. His status as a civil officer and as a county officer would be hard to deny.

In case of a disqualified county judge, the Legislature did not create a special probate court or a special judge to serve such court with special residential requirements. I do not believe that it was the intent of the Legislature under Art. 1932, supra, to permit a special county judge to be a non-resident. Numerous opinions issued by the office of the Attorney General over many years have been consistent in holding that the residential requirements of civil officers comply with the laws of our state and of our Constitution.

In the case of Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950), the Supreme Court of Texas in reviewing a law setting up a new court and a new judge to serve that court, struck down parts of the statute as being unconstitutional. They held that the judge of that court was not a state officer but a county officer and although the law did not provide anywhere, as to the judge's residential requirements the court held that the judge of that court was a county officer. It was immaterial, the court said, that the Legislature failed to require that the judge be a resident of the county because such residential matters are " * * * regulated both by our Constitution and our statutes. The judge of the court created by this Act is a county officer. Article XVI, Section 14, of the Constitution makes it mandatory that all county officers reside within their counties, and Article *2927*, R.S. (*now Art. 1.05 Election Code, "eligibility"*) provides that a county officer must be an actual bona fide citizen of the county for more than six months prior to his election. *Those provisions will be read into the law.*"

Although Art. 1932, V.A.C.S. does not require the special judge to be a resident of

the county in which he is required to serve, the Constitution and other laws do make this a requirement. I further believe that the Supreme Court in Jordan v. Crudgington, supra, requires that the constitutional and statutory provisions of our laws as to residency, will be read into this law.

I would affirm the judgment of the trial court.