THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK
ROGERS, Relator, v. JOSEPH F. TINNEY, as Commissioner of
Public Safety of the City of Watervliet, County of Albany,
New York, Respondent.

Third Department, November 13, 1918.

**Municipal corporations — removal of assistant engineer of city
fire department for failure to remain in city.**

Where the rules of a city fire department provide that " the assistant
engineers shall attend all fires and alarms, shall aid and assist the Chief
and in his absence shall assume command according to their rank,", an
assistant engineer, charged with a failure to remain in the city during
the hours when he should have been on duty, and with being employed in
an adjoining city and, therefore, not available during a certain month,
was properly removed, where it appeared from his own testimony that he
was employed as a chauffeur in an adjoining city and was away a con-
siderable part of the time during the period covered by the charge.

While said engineer only received a small amount per year, the arrangement
contemplated that he was to remain within the limits of the city and be
available for all fires.   His duties were not changed because there happened
to be no fire in his district during the time charged.

CERTIORARI issued out of the Supreme Court and attested
on the 6th day of May, 1918, directed to Joseph F. Tinney,
as commissioner of public safety of the city of Watervliet,
N. Y., commanding him to certify and return to the office of
the clerk of the county of Albany all and singular his pro-
ceedings had in dismissing the relator from his position in the
fire department of the city of Watervliet.

*George J. Schneller,* for the appellant.

*Chester Wood, Corporation Counsel* [*S. W. Russell* of counsel],
for the respondent.

WOODWARD, J.:

The relator was charged with " neglect of duty and failure
to comply with the rules and regulations of the fire department
of the city of Watervliet, as assistant engineer thereof,"
and the specifications were a " failure to remain in the city of
Watervliet during the hours when you should have been on
duty, as being employed in the city of Troy, and, therefore,

not available in case your services should be required, during the month of January, 1918."

Upon a hearing upon this charge, which was denied by the relator, it was established by the relator's own testimony that he was employed as a chauffeur in the city of Troy, and that he was away from the city of Watervliet considerable of the time during the period covered by the charge.

The rules of the fire department of Watervliet provide that " the assistant engineers shall attend all fires and alarms, shall aid and assist the Chief and in his absence shall assume command according to their rank." It must be apparent that, while the relator only received $200 per year as assistant engineer, the arrangement contemplated that he was to remain within the limits of Watervliet, and be available for all fires. He could, no doubt, take such employment as was offered consistently with this requirement, but to say that the important and exacting duties of an assistant engineer of a fire department can be discharged by one employed as a chauffeur of a pleasure car in a different city is unreasonable, and, upon the relator's own showing, he was properly removed from his position.

This appeal proceeds upon the theory that because there was only one fire alarm in Watervliet during the month of January, and that this occurred in a district where a different assistant usually responded, the relator was not remiss. But this is a mere quibble. The duties of the relator were not changed because there happened to be no fire which called upon him to act; his duty was to be available in the event of a fire, and this he could not be while engaged as a pleasure car driver in a different city, subject at all times to the requirements of such employment. The virtue of a fireman is in being at the scene of the fire in the shortest possible space of time after the fire is discovered, and any employment of an assistant engineer which materially interfered with this duty was inconsistent with the employment by the city of Watervliet, and was a justification for the removal.

The determination of the respondent should be affirmed, with ten dollars costs and disbursements.

Determination unanimously confirmed, with ten dollars costs and disbursements.