THE TOWNSHIP OF MILLBURN IN THE COUNTY OF ESSEX, A MUNICIPAL CORPORATION OF NEW JERSEY, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND JAMES FINAN, DEFENDANTS.

Argued October 2, 1940—Decided December 20, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutor, *Reynier J. Wortendyke, Jr.*

For the defendant the Civil Service Commission of the State of New Jersey, *David T. Wilentz,* attorney-general.

For the defendant James Finan, *Abe Silverstein* (*Harry Silverstein,* of counsel).

PER CURIAM.

In the main, this is a review of a fact issue. James Finan, a member of the police department of the township of Mill-

burn, was dismissed by the governing body of that municipality after a hearing. He was adjudged guilty on three of four charges. They were that while on duty on April 21st, 1940, he drank intoxicating liquor in the home of Mrs. K., located in Short Hills, New Jersey, to which he had been dispatched on police business, and that on May 5th, having again been sent to the same residence, in the ordinary course of business, his conduct was such as was "unbecoming an officer and gentleman and contrary to good order and discipline." The particular charges are dated May 20th, which is about a month after the alleged first offense and two weeks after the second. On being found guilty he was dismissed from the police department on June 4th, 1940, by resolution of the governing body. On appeal to the Civil Service Commission, a hearing *de novo* being had in accordance with the Civil Service statute, the finding of the governing body was set aside and it was ordered that Finan be reinstated. On the application of the municipality to review the latter judgment, *certiorari* was allowed.

It is argued in behalf of the municipality that the Civil Service Commission erred in rejecting prosecutor's offer in evidence of the "prior disciplinary record of the defendant as a member of the Millburn police department." It is said that the record was offered as something relevant to the penalty imposed by the municipality. For such purposes it was material and relevant and should have been received as such. It seems hardly necessary to say, however, that such record could not be admitted as tending to prove guilt of the charges in this case. It is not necessary, however, to consider this point further in view of our conclusion on the fact issue involved.

We have carefully read the testimony as well as the stipulation and the several exhibits. We feel constrained to find that the charges have not been proved to our satisfaction. There is no corroboration for either side. It is a question of the word of the complaining witness against that of the police officer. Several elements enter into our estimate of the value of the proof. There was no prompt complaint about the first offense or the second either, as normally there should

have been. The complaining witness was without doubt frightened, thinking someone was attempting to break into her home, at the time of the happenings that form the basis of these charges. The police officer did not seek out her residence but was sent there in the course of duty. We are left in the frame of mind, after reading the case, that the proofs do not preponderate sufficiently to sustain the charges.

The judgment of the Civil Service Commission is therefore affirmed, with costs.