**John E. JACKSON, Appellant,**

v.

**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF GALVESTON et al., Appellees.**

**No. 15736.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 8, 1971.

Rehearing Denied April 29, 1971.

Harris, Martin, Carmona & Cruse, Frank T. Carmona, Galveston, for appellant.

Cody Greer, City Atty., Gene F. Smith, Asst. City Atty., Galveston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment affirming the action of the Civil Service Commission in indefinitely suspending appellant from his position in the Galveston Fire Department.

Appellant was employed in the Galveston Fire Department in 1964. He was informed at the time he was hired that there was a rule requiring city employees to live within the city limits. At the time of his employment he lived in La Marque. He was told that he would have to move to Galveston. Appellant did not move to Galveston. On November 21, 1969, the Fire Chief ordered him to move into the city within ninety days. On February 28, 1970, appellant was indefinitely suspended for his failure to obey this order. He appealed to the Galveston Civil Service Commission, and his appeal was denied. The district court of Galveston County, Texas, 56th Judicial District, after a trial without a jury, rendered a judgment upholding the suspension.

A person may not be barred from public employment arbitrarily or in disregard of his constitutional rights. Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961). On the other hand, those persons seeking public employment may be required to conform to such reasonable requirements as may be established as a condition to such employment. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); United Public Workers of America (C.I.O) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); Reagan v. Bichsel, 284 S.W.2d 935 (Tex.Civ.App.—San Antonio 1955, error ref., n. r. e.). The rule requiring appli-

cants for city employment to be residents of the city has been attacked on constitutional grounds in other jurisdictions and has been uniformly upheld. Kennedy v. City of Newark, 29 N.J. 178, 148 A.2d 473 (New Jersey 1959); Berg v. City of Minneapolis, 274 Minn. 277, 143 N.W.2d 200 (1966); Williams v. Civil Service Commission of City of Detroit, 383 Mich. 507, 176 N.W.2d 593 (1970); In Re Gagliardi's Appeal, 401 Pa. 141, 163 A.2d 418 (1960); Salt Lake City Fire Fighters Local 1645 v. Salt Lake City, 22 Utah 2d 115, 449 P.2d 239 (1969).

Appellant was suspended by the Fire Chief for violating "Rule XX, Section III, Grounds for Removal * * * 'violation of special orders, as applicable * * *.'" The "special order" was "to move back into the city limits of Galveston * * * and to show proof of his residence in Galveston." No civil service rule or city ordinance required firemen to live within the city. The City Manager had circulated a memorandum to the heads of departments informing them that all city employees with certain exceptions, were required to reside within the city. Galveston is a home rule city. In its charter the City Manager is designated as the chief administrative and executive officer of the city, and all administrative departments and agencies are under his control.

Article 1269m, Vernon's Ann.Civ.St., authorizes the Chief of the Fire Department to suspend indefinitely any officer or employee under his jurisdiction for the violation of civil service rules. It authorizes the suspended employee to appeal to the Civil Service Commission. The Act provides: " * * * No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, and except upon a finding by the Commission of the truth of the specific charges against such employee."

Section 5 of the Act authorizes the Commission to "make such rules and regulations for the proper conduct of its business as it shall find necessary and expedient * * *" Such rules and regulations shall prescribe what shall constitute cause for removal or suspension of Firemen or Policemen, but no rule for the removal or suspension of such employees shall be valid unless it involves one or more of the following grounds:

"Conviction of a felony or other crime involving moral turpitude; violations of the provisions of the charter of said city; acts of incompetency; neglect of duty; discourtesy by said employee to the public or to fellow employees while said employee is in line of duty; acts of said employees showing a lack of good moral character; drinking of intoxicants while on duty, or intoxication while off duty; or whose conduct was prejudicial to good order; refusal or neglect to pay just debts; absence without leave; shirking duty, or cowardice at fires; violation of any of the rules and regulations of the Fire Department or Police Department or of special orders, as applicable."

The statute authorizes the Commission to adopt a rule authorizing the suspension of a fireman for violating a special order applicable to him. It would be an unreasonable interpretation to hold that suspension is authorized for the violation of a special order if it is clearly unreasonable or unrelated to the duties of a fireman. Such an interpretation would render meaningless the enumeration of grounds for suspension found in Section 5 of the Act.

In City of San Antonio v. Poulos, 422 S.W.2d 140 (Tex.1967), the court said:

"Respondent argues that the construction we have given Rule 29 would render the phrase 'willfully misrepresent any matter' applicable to statements made to all persons under all circumstances. The whole answer is that the rules and regulations of the San Antonio Police Department necessarily are, and must be, referable to the performance of the du-

ties of a member of the department, and to. the accomplishment of the statutory purpose of securing and maintaining an efficient police department composed of trusted and competent personnel. See Art. 1269m, §§ 5 and 16a. In our view a proper application of this rule requires the holding that a willful misrepresentation by a police officer of a matter arising in the course of official duties constitutes a violation of the rule."

A similar question was presented to the court in Mobley v. City of Evansville, 130 Ind.App. 575, 167 N.E.2d 473 (1960). The Indiana Tenure Act provides that a fireman may be suspended for "neglect or disobedience of orders". Burns' Ann.St. § 48–6105. The City's Board of Public Safety adopted an order prohibiting members of the Fire Department from tending bar in taverns or selling alcoholic beverages of any kind. The Boards of Safety are authorized by statute to make rules and regulations for the "government" of the police and fire departments. The appellant, a fireman, was employed as a bartender when he was off duty. He knew of the order, but refused to comply with it. After a hearing he was found guilty of disobedience of orders, and was discharged. The court held that the order was arbitrary and capricious, and that the appellant's refusal to obey the order was not good cause for his dismissal. The court found that the order was arbitrary because it did not bear any reasonable relationship to the fitness or capacity of the appellant to hold his position as a fireman. In reaching this conclusion the court relied on Roth v. State ex rel., 158 Ind. 242, 63 N.E. 460 (1902), and quoted from this case the following:

"The statute declares in general terms that the removal must be for cause, and this, as the authorities affirm, necessarily and reasonably implies that the cause intended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the of-

fice, or his incapacity to discharge the duties thereof."

In Lombardino v. Firemen's & Policemen's Civil Service Commission, 310 S.W. 2d 651 (Tex.Civ.App.—San Antonio 1958, writ refused, n. r. e.), the suspension of a policeman was upheld where he was charged with and convicted of "acts of insubordination, and failure or refusal to carry out instructions * * * by owning, operating, working and participating in the San Antonio Creditors Association after having been ordered by his superior officers to discontinue from such activity." The Civil Service Commission had previously adopted rules prohibiting outside employment, or the ownership or operation of a business without the written permission of the Chief of Police. No questions as to the validity of the rules were presented to the court.

In Bell v. District Court of Holyoke, 314 Mass. 622, 51 N.E.2d 328 (1943), the court considered the case of a fireman who was suspended for violating a rule or regulation of the fire department forbidding the members of the department from holding jobs during his time off duty. The court said:

"The validity of the rule is to be upheld unless it is shown that it cannot have any rational relation to the maintenance and administration of an efficient municipal fire fighting force capable, consistently with its manpower and equipment, of rendering a high degree of protection to the lives and property of the citizens of the community.

" * * *

"The petitioner was employed in a department store located several miles from Holyoke without any permission from the board of fire commissioners. There is nothing to show that the board knew of his presence there. It could be found that while so engaged, he would not be able without considerable delay to arrive in Holyoke and undertake his work as a fireman in the event of a con-

flagration in that city. As a practical matter his services would not be available to the city to assist in coping with an emergency. If he had the right to absent himself without permission and engage in another occupation in another city, then every other member had an equal right. Such a situation would seriously impair the ability of the department to function properly and to furnish adequate protection to the city and its citizens. It has been decided that the employment of an assistant engineer of a fire department in another city materially interfered with his ability to respond to a fire in the shortest possible time, was inconsistent with his retention of his position in the department, and was in violation of a rule providing that the assistant engineer should attend all fires. People [ex rel. Rogers] v. Tinney, 184 App.Div. 748, 172 N.Y.S. 355."

■ In this case there is a suspension for disciplinary reasons, authorized by a rule adopted by the Civil Service Commission. Appellant refused to obey a special order. The order was given to require obedience to a policy promulgated by the chief executive officer of the city. It must be presumed that the trial court found that the policy bears a reasonable relationship to maintenance of an efficient fire fighting force. In City of Sweetwater v. Geron, 380 S.W.2d 550 (Tex.1964), the Supreme Court said: "* * * While the disciplinary causes for discharge set out in said section are exclusive insofar as the Civil Service Commission has power to dismiss, the Act does not prevent the City from legislating in other fields which may cause the dismissal of employees."

■ There is evidence supporting the presumed findings of the trial court that the established administrative policy is not arbitrary or unreasonable. In such a case the fire chief was authorized to enforce this policy.

The judgment is affirmed.