**Bobby N. VICK, Appellant,**

v.

**CITY OF WACO, Texas, et al., Appellees.**

**No. 6263.**

Court of Civil Appeals of Texas, Waco.

March 19, 1981.

Rehearing Denied April 23, 1981.

Ronald H. Moody, Moody & Crow, Waco, Joseph R. Gilbreath, Austin, for appellant.

W. V. Dunnam, Jr., Dunnam, Dunnam, Horner & Meyer, Richard W. Carter, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Vick from judgment of the trial court affirming an order of the Fireman's and Policeman's Civil Service Commission of the City of Waco, permanently dismissing him from the Waco Police Department.

On January 4, 1980, Chief of Police Larry Scott indefinitely suspended plaintiff from the Waco Police Department. Plaintiff timely appealed to the Civil Service Commission of the City of Waco. On January 31, 1980, hearing was had on that appeal and the suspension was upheld and plaintiff was permanently dismissed from the Waco Police Department. Plaintiff brought suit in District Court seeking mandamus compelling reinstatement, or in the alternative appealed the decision of the Civil Service Commission pursuant to Section 18, Article 1269m VATS. After hearing the trial court denied all relief prayed for and affirmed the order of the Civil Service Commission.

Plaintiff appeals on 2 points:

First Point: "The error of the trial court as a matter of law in denying appellant's application for mandamus to compel his reinstatement to the classified service based on the lack of jurisdiction or power by the appellee City's Civil Service Commission and appellee Scott to remove appellant under the circumstances and in the manner in which they purported to so act".

Alternative First Point: "The error of the trial court as a matter of law in denying appellant's reinstatement on appeal from appellee City's Civil Service Commission based on the failure of appellees to comply with mandatory requirements of Article 1269m VATS".

Plaintiff first contends the failure of the Chief's written statement to specifically state that the officer has ten days within which to file a written appeal to the Commission renders the proceedings void for want of jurisdiction.

Article 1269m, Section 16 provides:

"Said order of suspension shall inform the employee that he has ten days after receipt of a copy thereof, within which to file a written appeal with the Commission".

The Chief's letter to plaintiff stated: "Please be advised that should you believe this disciplinary suspension to be unfair, then you have a right to request a hearing before the local Civil Service Commission. The Commission will then hear your case and will determine whether 'just cause exists' for the suspension. The procedure before the Commission is outlined in section 17 of Article 1269m, as amended in 1979".

Section 17 of Article 1269m as amended in 1979, to which plaintiff was referred, contains the complete procedure for appeal including the 10 day requirement.

■ We think plaintiff was informed of the necessity of filing notice of appeal within ten days.

■ In any event, plaintiff filed his notice and perfected his appeal within the ten days. The Commission had jurisdiction.

■ Plaintiff secondly contends that the letter of Chief Scott complained of acts which did not happen or occur within 6 months immediately preceding the date of suspension.

Section 16, Article 1269m VATS, provides:

" * * * No act or acts may be complained of by said department head which did not happen or occur within six months immediately preceding the date of suspension by the department head".

Plaintiff was suspended for running a red light at an intersection at night without his siren on and running into a vehicle injuring the occupant on January 2, 1980—two days prior to the Chief's letter of suspension.

The Chief's letter recited that plaintiff's past work and disciplinary history were factors to be considered in deciding what disciplinary action is appropriate, and then recited offenses plaintiff had been disciplined for, going back some 3 years in time.

Consideration of plaintiff's record covering the period prior to 6 months before suspension for purpose of assessing punishment, but not for the purpose of determining the truth of the offense, is not a violation of the statute. *Bolieu v. Fireman's & Policeman's Civil Service Com'n*, Tex.Civ. App. (San Antonio) NRE, 330 S.W.2d 234; *Bal v. Murphy*, 55 A.D.2d 26, 389 N.Y.S.2d 373; *Jenkins v. Curry*, 154 Fla. 617, 18 So.2d 521; *Millburn Township v. Civil Service Com'n*, 125 N.J.L. 521, 16 A.2d 824; *McGuire v. Wynne*, 224 A.D. 763, 229 N.Y.S. 753.

■ Plaintiff thirdly contends the Chief's letter was vague, indefinite and misleading and wholly fails to order an indefinite suspension. The Chief's letter in the next to last paragraph reads: "I find that the only disciplinary action for me to take is to now tender to you an indefinite suspension, without pay, effective immediately, on this 4th day of January, 1980".

We think the Chief's letter clear that an indefinite suspension was ordered.

Plaintiff fourthly contends the Chief's letter failed to charge him with violation of a valid Civil Service rule or regulation.

Article 1269m, Section 5 provides among other grounds for removal or suspension of employees "acts of incompetency", and "violation of any of the rules and regulations of the * * * Police Department or of special orders as applicable".

The Chief's letter recites among other matters that Police Department General Order 79–8, 111–A3 states that "Personnel are required to adhere to strict obedience of all Federal, State, and local laws and ordinances, along with Departmental rules, orders and regulations.

Plaintiff was charged with violation of Article 6701d in regard to the running of red traffic control lights and the operation of an emergency vehicle.

■ A fireman [or policeman] can be suspended for violation of an order if the order is not clearly unreasonable or unrelated to the duties of a fireman [or policeman]. *Jackson v. Fireman's & Policeman's Civil Service Com'n*, CCA (Houston 1) NRE, 466 S.W.2d 412.

■ Clearly, obedience to all State and local laws is not an unreasonable requirement to make of a policeman.

Lastly plaintiff contends the decision is invalid as a matter of law because the Civil Service Commission was not composed of a quorum of duly qualified Commissioners.

Article 1269m, Section 3 provides that the Commissioners shall be of good moral character, shall have resided in the City for more than 3 years, be more than 25 years of age, and shall not have held any public office within the preceding 3 years.

The record reflects that one of the Commissioners had held the office of City Personnel Director within 3 years preceding his appointment to the Commission, and that another member of the Commission had served as a member of the City Council within 3 years preceding his appointment.

■ The Civil Service Commission acts in a judicial capacity, and the rules relative to disqualification of judges are applicable to the Commission and its members. *Lombardino v. Fireman's & Policeman's Civil Service Commission of the City of San Antonio*, CCA (San Antonio) NRE, 310 S.W.2d 651.

■ A quo warranto proceeding is the exclusive remedy to test the right of an officer to hold office. It may not be done by the accused or a litigant upon the trial of a case. *Walker v. State*, Ct.Crim.Appls, 146 Tex.Cr.R. 138, 171 S.W.2d 887; *Snow v. State*, Ct.Crim.Appls, 114 S.W.2d 898; *Hagler v. State*, Ct.Crim.Appls, 116 Tex.Cr.R. 552, 31 S.W.2d 653; *Ex Parte Lefors*, Ct. Crim.Appls, 171 Tex.Cr.R. 229, 347 S.W.2d 254; *Williams v. Castleman*, 112 Tex. 193, 247 S.W. 263; *Kunschik v. Nichols*, Com. Appls, Op.Adopted, 135 Tex. 1, 137 S.W.2d 1000; *Whitmarsh v. Buckley*, Tex.Civ.App. (Houston) NWH, 324 S.W.2d 298.

■ The members of the Commission were de facto members, acting under the color of authority, and their acts are therefore not subject to collateral attack.

All plaintiff's points and contentions are overruled.

AFFIRMED.