FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION FOR the CITY OF CORPUS CHRISTI et al., Appellants,

v.

Wayne CAMPBELL, Appellee.

No. 17983.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 7, 1981.

James W. Holtz, Corpus Christi, for appellants.

Sam A. Westergren, Jr., Corpus Christi, for appellee.

Before EVANS, WARREN and DOYLE, JJ.

EVANS, Justice.

This action is the result of an internal problem within the Corpus Christi Fire Department. In June, 1978, the Fire Chief issued an order requiring firefighters, when exercising on duty, to wear either regulation red jumpsuits or uniform pants with white T-shirts. Shortly after the issuance of this order, the appellee, then a Lieutenant, violated this order on several occasions by jogging and riding his bicycle around the fire station in shorts and a tank top. Upon being reminded of the order by his superiors, appellee responded in an insubordinate manner stating, in effect, that he considered the order to be unreasonable.

In August, 1978, appellee scored third highest on an examination for promotion to the rank of Fire Captain, but before he could be promoted the Fire Chief recommended that he be passed over for promotion and that he be demoted to the rank of Fire Fighter II.

In January, 1979, a hearing on the Fire Chief's recommendation of demotion was held before the Civil Service Commission, and that body voted 2–1 to uphold the Fire Chief's recommendation that appellee be demoted to the rank of Fire Fighter II. Thereafter, in April, 1979, an arbitration hearing was held on the matter of the promotional bypass, and on November 7, 1979, the arbitrator ruled that appellee should be promoted to the position of Fire Captain retroactively to November 14, 1978. Both of these administrative orders were appealed to the district court where they were consolidated for trial de novo. At the conclusion of that hearing the district court determined that there was substantial evidence to support both orders. The trial court judgment upholding the ruling of the arbitrator is the subject of this appeal.

The appellant first contends that the arbitrator was barred by the doctrines of collateral estoppel and res judicata from relitigating the factual issues previously determined in the demotion hearing before the Civil Service Commission.

The record shows that the Fire Chief's recommendations for demotion and promotional bypass were based upon the undisputed facts showing a direct violation of the Fire Chief's order and insubordinate conduct. However, the decision of the Civil Service Commission to uphold the appellee's demotion was not necessarily based upon the same factual criteria which formed the basis of the arbitrator's ruling that appellee was entitled to be promoted. In his decision the arbitrator noted the undisputed facts regarding appellee's conduct but found that, notwithstanding the action of the Civil Service Commission, appellee was still eligible for promotion to Captain. The

arbitrator further found that the Fire Chief's dress order was unreasonable, that the promotional bypass would result in a serious injustice, and that appellee's excellent work record over the five years preceding the controversy showed appellee's initiative, judgment and exceptional performance in all phases of Fire Department service. Thus, the arbitrator evidently concluded that appellee's high score on the promotion examination and his past service record did not justify the promotional bypass, even though the Civil Service Commission had ruled that his conduct warranted a disciplinary demotion. The appellant's first point of error is overruled.

The appellant next contends that the trial court erred in finding that there was substantial evidence to support the arbitrator's finding that appellee should be promoted to the rank of Captain.

Although the facts pertaining to the appellee's conduct are undisputed, the record reflects a reasonable basis for the arbitrator's conclusion that the Fire Chief's order was unreasonable and that the appellee's conduct did not preclude his eligibility for promotion. In making his determination regarding appellee's entitlement to promotion, the arbitrator was authorized to consider all of the evidence presented, not merely that which tended to support the Fire Chief's recommendations for a promotional bypass. The trial court did not err in determining that the arbitrator's ruling was supported by substantial evidence. *City Savings Ass'n. v. Security Savings & Loan Ass'n. of Dickinson*, 560 S.W.2d 930, 934 (Tex.1978), cert. denied, 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 118. The second point of error is overruled.

In its final point of error, appellant complains that the trial court's judgment is erroneous in that it did not give proper force and effect to the demotion order issued by the Civil Service Commission. This point will be sustained.

The order of the Civil Service Commission demoting appellee to the rank of Fire Fighter II was effective January 19, 1979, and that order remained in effect until November 7, 1979, when the arbitrator ruled that appellee was promoted to the rank of Captain. The arbitrator's order provided that "The grievant is promoted to the position of Captain effective retroactively as of November 14, 1978, with back pay computed as the difference between the pay the grievant actually received (as a Fire Fighter II), and the pay he should have received as a Captain."

It was not within the arbitrator's discretion to order that appellee be promoted retroactively because the effect of such a ruling would be to overrule the prior order of the Civil Service Commission. The trial court's judgment is, therefore, erroneous in this respect. The trial court's judgment is modified to provide that appellee is promoted to the position of Captain effective as of November 7, 1979, the date of the arbitrator's award. His back pay for November 7, 1979, to the present is to be computed as the difference between the pay he actually received and the pay he should have received as Captain.

In all other respects the trial court's judgment is affirmed.