

# THE ATTORNEY GENERAL
## OF TEXAS

March 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable John F. Miller, Jr.      Opinion No.   JM-874
Criminal District Attorney
P. O. Box 3030                     Re: Qualifications of civil
Texarkana, Texas    75504          service commissioners
                                   (RQ-1340)

Dear Mr. Miller:

You ask several questions regarding the Fire Fighters' and Police Officers' Civil Service Commission in Texarkana, Texas. You indicate that the current chairman of the commission served on the Texarkana, Texas, Housing Authority until May, 1986, and was appointed to the civil service commission approximately three months later. In addition, one of the other two civil service commissioners held the office of school district trustee at the time of his appointment to the commission in May, 1987.

Both of those appointments were made while fire fighters' and police officers' civil service commissions were governed by article 1269m, V.T.C.S. Section 3(b) of that statute set out the following qualifications for commissioners:

> All such Commissioners shall be of good moral character, citizens of the United States, resident citizens of the particular city for which they are appointed, shall have resided in said city for a period of more than three (3) years, shall each be over the age of twenty-five (25) years, and <u>shall not have held any public office within the preceding three (3) years</u>. (Emphasis added.)

Acts 1985, 69th Leg., ch. 910, §1, at 3046, <u>repealed by</u> Acts 1987, 70th Leg., ch. 149, §49 (1), at 2544. Current law maintains the same requirements, but in slightly different form. <u>See</u> Local Gov't Code §143.006(c).

You first ask whether the underscored requirement disqualifies the present chairman of the commission. A housing commissioner is regarded as a public officer.

Attorney General Opinion M-1096 (1972); see also Housing Authority of Harlingen v. State ex rel. Velasquez, 539 S.W.2d 911, 915 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.). Thus, because the individual in question held public office within the three years prior to August, 1986, he was ineligible for appointment to the commission at that time.

You next ask whether the same requirement also disqualifies the commissioner who served as an elected school board member at the time of his appointment. Like a housing commissioner, a school district trustee holds public office. Attorney General Opinion V-834 (1949); see also Educ. Code §23.08 (requiring elections for trustees of independent school districts). Thus, like the former housing commissioner, the school board member was ineligible for appointment to the civil service commission.

Your third question relates to the validity of actions taken by a commission during the tenure of an appointee subsequently found ineligible. The identical question was presented in Vick v. City of Waco, 614 S.W.2d 861 (Tex. Civ. App. - Waco 1981, writ ref'd n.r.e.). There, a firemen's and policemen's civil service commission had dismissed an officer of the Waco Police Department. The dismissed officer brought suit to compel reinstatement, claiming, inter alia, that the commission's decision was invalid because the commission was not composed of a quorum of duly qualified commissioners. The plaintiff charged, and the court acknowledged, that two of the three commissioners had held public office within the three years preceding their appointments. Nonetheless, the court upheld the commission's order, declaring that the challenged commissioners were "de facto members, acting under the color of authority," and that their acts were therefore immune from collateral attack. 614 S.W.2d at 864.

A de facto officer is one who, by his acts, has the appearance of holding the office he has assumed, but who in fact does not validly hold the office. Germany v. Pope, 222 S.W.2d 172, 176 (Tex. Civ. App. - Fort Worth 1949, writ ref'd n.r.e.); City of Christine v. Johnson, 255 S.W. 629 (Tex. Civ. App. - San Antonio 1923, no writ). The designation of "de facto officer" may attach to one who holds office under color of an appointment that is subsequently invalidated on the grounds that the appointee was ineligible. Norton v. Shelby County, 118 U.S. 425, 446 (1886); Ex parte Tracey, 93 S.W. 538, 542 (Tex. Crim. App. 1905). Acts performed by a de facto officer under color of office are considered valid. Norton v. Shelby

County, 118 U.S. at 441-42; Germany v. Pope, 222 S.W.2d at 176. See generally 39 Tex. Jur. 2d Municipal Corporations §144 and cases cited therein; 67 C.J.S. Officers §§269-70.

Here, as in Vick v. City of Waco, the challenged officers were acting under color of authority. Thus, each was a de facto officer, and "as such his acts are as binding as though he was an officer de jure." Shriber v. Culberson, 31 S.W.2d 659, 661 (Tex. Civ. App. - Waco 1930, no writ).

Your fourth and fifth questions relate to the procedure for removal of the officers in question. As noted by the court in Vick v. City of Waco, 614 S.W.2d at 864, a quo warranto proceeding is the exclusive remedy to test the right of an officer to hold office. An action in quo warranto may be initiated by the Attorney General or by a county or district attorney. Civ. Prac. and Rem. Code §66.002. If the court finds that the subject of the action holds office unlawfully, the court may remove the individual from office, charge him with the costs of prosecution, and impose such fine as the court deems appropriate. Civ. Prac. and Rem. Code §66.003.

## S U M M A R Y

Section 3(b) of former article 1269m, V.T.C.S. (now section 143.006 of the Local Government Code), provides that an appointee to a Fire Fighters' and Police Officers' Civil Service Commission must not have held public office within the preceding three years. That provision rendered ineligible both (1) an individual who had recently served on a municipal housing authority; and (2) an individual who had recently been elected to a local school board.

Acts of de facto officers are valid. An action in quo warranto is the exclusive remedy to challenge an officer's right to continue to hold office.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General