Opinion issued July 24, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00026-CV






ANTHONY JACKSON AND JAMES NUÑEZ, Appellants


V.


CITY OF TEXAS CITY AND DEBBIE LESCO, CITY CIVIL SERVICE
DIRECTOR, Appellees






On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 06CV0899






O P I N I O N


 Appellants Anthony R. Jackson and James Nuñez filed suit against the City of
Texas City and Debbie Lesco, in her capacity as city civil service director,
(collectively, Texas City) seeking declaratory and injunctive relief related to their
dismissal from the fire department. Jackson and Nuñez alleged that Texas City
violated their rights to appeal their dismissals under the Civil Service Act (the "Act"). 
In three issues, Jackson and Nuñez argue that the trial court erred in granting Texas
City's plea to the jurisdiction.

 We affirm.

Background

 Jackson and Nuñez began working for the Texas City Fire Department (TCFD)
in June 2001 and October 2001, respectively. Both Jackson and Nuñez signed a
document entitled "Conditions of Employment," which was adopted under the terms
of a collective bargaining agreement between TCFD and Texas City. The document
stated, in part:

It is understood that each Civil Service employee hired after January 1,
2000, will be required to be EMT (Emergency Medical Technician)
certified at the basic level or will be detailed to attend EMT (Emergency
Medical Technician) training to become certified at the basic level. It
is understood that each Civil Service employee hired after January 1,
2000, may be required to be EMT (Emergency Medical Technician)
certified at the paramedic level or will be detailed to attend EMT
(Emergency Medical Technician) training to become certified at the
paramedic level at some time during their employment with the
department. . . . Upon receiving State Certification, each employee is to
comply with and fulfill all existing and future requirements of the Texas
Department of Health to maintain their level of certification. 
Furthermore[,] each employee with a basic EMT or paramedic level of
certification is to comply with and fulfill all existing and future
requirements of the Texas City Fire Department and/or Medical
Director.


Following this paragraph, the document stated, "It is understood that failure to
satisfactorily complete the EMT Basic or Paramedic training and qualify for State
Certification and maintain certification at a level established by the department
constitutes cause for disciplinary action up to and including termination of the
employee." (original in boldface type).

 Jackson and Nuñez successfully completed their probationary period and
became non-probationary employees of TCFD in 2002. In 2005, the TCFD fire chief
assigned both Jackson and Nuñez to attend EMT training and to become certified as
EMTs at the paramedic level. Jackson and Nuñez attended the required training
classes, but neither was able to pass the training class or sit for the certification exam. 
In 2006, the fire chief terminated Jackson's and Nuñez's employment with the TCFD
via letter. (1) Despite the fact that the fire chief's letters did not inform them of a right
to appeal, both Jackson and Nuñez attempted to appeal their terminations with the
Texas City Civil Service Commission, requesting that their appeals be heard by an
independent third-party hearing examiner pursuant to section 143.057 of the Act. (2) 
The civil service director notified both men by letter that they were not eligible to
appeal their discharges to a hearing examiner because their discharges had been
labeled as non-disciplinary. (3) Neither the civil service commission nor a hearing
examiner issued any decision with regard to Jackson's and Nuñez's appeals.

 Jackson and Nuñez filed suit on August 11, 2006, requesting that the trial court
issue a declaratory judgment that Texas City had violated their rights under the Act
and that it enjoin Texas City from discharging them without utilizing the procedures
mandated in the Act. Jackson and Nuñez also requested a writ of mandamus directing
Texas City to comply immediately with the Act by processing their appeals before a
third party hearing examiner. Texas City filed a plea to the jurisdiction, and the trial
court held a hearing on November 15, 2006.

 In its motion to dismiss for lack of jurisdiction, Texas City made three
arguments. First, Texas City argued that Jackson and Nuñez failed to state a
justiciable claim because the provisions of the Act did not apply to their discharges. 
Second, Texas City argued that Jackson's and Nuñez's claims were disguised claims
for money damages for which Texas City's governmental immunity had not been
waived. Third, Texas City argued that the trial court did not have jurisdiction over
Jackson's and Nuñez's claims because they failed to file suit within ten days after the
civil service director refused to accept and process their appeals. On December 4,
2006, the trial court issued an order granting Texas City's plea to the jurisdiction and
dismissing Jackson's and Nuñez's case. Jackson and Nuñez appeal from this order.

Jurisdiction

 A. Standard of Review

 A plea to the jurisdiction is a dilatory plea, and its purpose is "to defeat a cause
of action without regard to whether the claims asserted have merit." Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction
challenges the trial court's authority to determine the subject matter of the pleaded
cause of action. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). A
court always has jurisdiction to determine its jurisdiction. Dolenz v. Vail, 200 S.W.3d
338, 341 (Tex. App.--Dallas 2006, no pet.) (citing Camacho v. Samaniego, 831
S.W.2d 804, 809 (Tex. 1992)).

 We review de novo a trial court's ruling on a plea to the jurisdiction because
subject matter jurisdiction is a question of law. Texas Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). In determining whether
jurisdiction exists, rather than looking at the claim's merits, we look to the allegations
in the pleadings, accept them as true, and construe them in favor of the pleader. 
Cantu v. Perales, 97 S.W.3d 861, 862-63 (Tex. App.--Corpus Christi 2003, no pet.)
(citing Brown, 80 S.W.3d at 555). We may also consider evidence necessary to
resolve the jurisdictional issues raised. Id. (citing Brown, 80 S.W.3d at 555; Blue, 34
S.W.3d at 555). An appellant must attack all independent grounds that support the
trial court's ruling. Britton v. Texas Dep't of Criminal Justice, 95 S.W.3d 676, 681
(Tex. App.--Houston [1st Dist.] 2002, no pet.). If the pleading affirmatively negates
the existence of jurisdiction, then a plea to the jurisdiction may be granted without
allowing the plaintiff an opportunity to amend. Cantu, 97 S.W.3d at 863 (citing
Brown, 80 S.W.3d at 555).

 B. Application of Act to Jackson's and Nuñez's Terminations

 The threshold question necessary to determine the trial court's jurisdiction over
this case is whether Jackson's and Nuñez's terminations for failure to maintain the
required level of EMT certification were subject to the suspension and termination
procedures in the Act, found in Chapter 143 of the Texas Local Government Code. 
See Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (Vernon 2008).

1. Termination provisions of TCFD's and Texas City's collective bargaining
agreement and the Act


 Jackson and Nuñez argue that their terminations were disciplinary suspensions
subject to the procedures outlined in sections 143.052, 143.053, and 143.057 of the
Act and that they were entitled by the Act to appeal their suspensions to the Civil
Service Commission or to an independent hearing examiner. Texas City, however,
argues that Jackson and Nuñez were terminated for failure to fulfill the conditions of
their employment with TCFD pursuant to the collective bargaining agreement
between TCFD and Texas City, and that their terminations were, therefore, not
subject to the Act's procedures.

 The Texas Local Government Code grants cities and labor representatives the
authority to modify civil service requirements by collective bargaining agreement. 
See id. § 174.006 (Vernon 2008). Section 174.006 also states that the Act's
provisions prevail over a collective bargaining agreement "unless the collective
bargaining contract specifically provides otherwise." Id. § 174.006(a).

 Texas City and TCFD's labor representatives entered into a collective
bargaining agreement that gave Texas City the authority "to determine and establish
pre-employment employee qualifications, standards, and/or terms and conditions of
employment." Jackson and Nuñez signed the "Conditions of Employment"
agreement as adopted by Texas City pursuant to the collective bargaining agreement. 
The document they signed set out the conditions of their employment with TCFD,
including the requirement that they be certified as EMTs, and it provided for
"disciplinary action" if a non-probationary employee violated the conditions.

 The Conditions of Employment agreement expressly provides that failure of
an employee "to satisfactorily complete the EMT Basic or Paramedic training and
qualify for State Certification and maintain certification at a level established by the
department constitutes cause for disciplinary action up to and including termination
of the employee." Nothing in the Conditions of Employment signed by Jackson and
Nuñez made any statement that discharges for failure to meet the conditions of
employment would be subject to the Act's procedures. Jackson and Nuñez were
terminated in accordance with the terms of the Conditions of Employment, which
provided for disciplinary action up to and including termination, but did not
specifically refer to disciplinary action under the Act.

 Jackson and Nuñez argue that the Conditions of Employment agreement
adopted pursuant to the collective bargaining agreement specifically states that failure
to satisfactorily complete EMT training and maintain certification "constitutes cause
for disciplinary action" and that the terms of the agreement do not specifically
provide that they prevail over the Act's provisions governing the suspension and
termination of fire fighters. See id. § 174.006(a) (Vernon 2008). Therefore, they
argue, the Act's provisions do prevail over the provisions in the collective bargaining
agreement. They contend that, rather than classifying their dismissals as "non-disciplinary," the fire chief should have classified their failure to attain the proper
EMT certification as "incompetence" or "shirking of their duty," thereby subjecting
them to disciplinary suspensions under subsection 143.051(3) or 143.051(11) of the
Act. They also argue that the Conditions of Employment agreements should be
considered a special order of the City of Texas City, and, therefore, their failure to
attain the required level of EMT certification violated subsection 143.051(12) of the
Civil Service Agreement.

 Section 143.052 of the Act, entitled "Disciplinary Suspensions," provides, "The
head of the fire or police department may suspend a fire fighter or police officer under
the department head's supervision or jurisdiction for the violation of a civil service
rule." Id. § 143.052(b) (Vernon 2008). Section 143.052 also provides the procedure
a department head must follow when making such a suspension, and it states, "The
copy of the written statement must inform the suspended fire fighter or police officer
that if the person wants to appeal to the commission, the person must file a written
appeal with the commission within 10 days after the date the person receives the copy
of the statement." Id. § 143.052(d).

 Section 143.051 of the Act lists the grounds for disciplinary removal that are
covered by the Act's procedural requirements. Id. § 143.051 (Vernon 2008). Section
143.051 states:

A commission rule prescribing cause for removal or suspension of a fire
fighter or police officer is not valid unless it involves one or more of the
following grounds:

 (1) conviction of a felony or other crime involving moral
turpitude;


 (2) violations of a municipal charter provision;


 (3) acts of incompetency;


 (4) neglect of duty;


 (5) discourtesy to the public or to a fellow employee while the fire
fighter or police officer is in the line of duty;


 (6) acts showing lack of good moral character;


 (7) drinking intoxicants while on duty or intoxication while off
duty;


 (8) conduct prejudicial to good order;


 (9) refusal or neglect to pay just debts;


 (10) absence without leave;


 (11) shirking duty or cowardice at fires, if applicable; or


 (12) violation of an applicable fire or police department rule or
special order.

Id.

 The Texas Supreme Court has held that the Act applies only to the types of
terminations specifically enumerated in the Act, not to all types of terminations. See
City of Sweetwater v. Geron, 380 S.W.2d 550, 553 (Tex. 1964) ("While the
disciplinary causes for discharge set out in said section are exclusive in so far as the
Civil Service Commission has power to dismiss, the Act does not prevent the City
from legislating in other fields which may cause the dismissal of employees."). The
question, therefore, is whether Jackson's and Nuñez's terminations were within the
scope of the Act or whether termination under the terms of the Conditions of
Employment adopted pursuant to the collective bargaining agreement is outside the
scope of the Act.

2. Applicability of the Civil Service Act to Jackson's and Nuñez's terminations

 We disagree with Jackson's and Nuñez's argument that the Conditions of
Employment agreement required Texas City to follow the procedural provisions of
the Act. Section 174.006 of the Texas Local Government Code clearly gave Texas
City and TCFD the authority to modify civil service requirements by a collective
bargaining agreement. See Tex. Loc. Gov't Code Ann. § 174.006. Under section
174.006, the Act's provisions do not prevail over collective bargaining agreements
when the agreement "specifically provides otherwise." Id. § 174.006(a). Here, it did. 
Texas City clearly did not intend for termination for failure to attain the proper EMT
certification to be added to the list of disciplinary acts in section 143.051 of the Act. 
Furthermore, Texas courts have upheld the right of cities to terminate employees for
reasons that fall outside the scope of the Act. See Geron, 380 S.W.2d at 553; see also
Grote v. City of Mesquite, No. 05-98-01367-CV, 2001 WL 180260, at *3 (Tex.
App.--Dallas Feb. 26, 2001, pet. denied) (not designated for publication). We hold
that Jackson's and Nuñez's terminations do not fall within the scope of the Act, and
therefore the procedural requirements for disciplinary suspensions in section 143.052
of the Act do not apply to them.

 We likewise disagree with Jackson's and Nuñez's argument that the fire chief
should have classified their dismissals as incompetence or shirking of their duty and
were, therefore, within the scope of disciplinary suspensions under subsection
143.051(3) or 143.051(11) of the Act. See Tex. Loc. Gov't Code Ann.
§§ 143.051(3), (11). The evidence here demonstrates that neither Jackson nor Nuñez
committed a specific act of incompetency that caused him to be dismissed. See id.
§ 87.011(2) (Vernon 2008) (defining incompetency in context of removing county
officers as "gross ignorance of official duties[,] gross carelessness in the discharge
of those duties[,] or unfitness or inability to promptly and properly discharge official
duties because of a serious physical or mental defect that did not exist at the time of
the officer's election."). Nor do the facts support the conclusion that either Jackson
or Nuñez was terminated on the grounds of "shirking duty or cowardice at fires." See
id. § 143.051(11).

 We also disagree with Jackson's and Nuñez's claim that the Conditions of
Employment agreement should be considered a special order of Texas City so that
their failure to attain the required level of EMT certification violated subsection
143.051(12) of the Act. (4) See id. § 143.051(12). Failure to qualify for state
certification as an EMT was not a specific act of misconduct that violated a rule or
order--it was a failure to meet the contractually agreed upon conditions of
employment as a fire fighter. See Geron, 380 S.W.2d at 552-53 (holding that section
143.051's predecessor was "descriptive of specific acts of misconduct for which an
employee may be suspended or discharged" and recognizing that Act does not
prevent city from terminating employees for other reasons); see also Grote, 2001 WL
180260, at *3 (holding that failure to qualify as EMT was not act of misconduct or
violation under section 143.051 of Act, but was failure to meet specific condition of
employment).

 Jackson and Nuñez were not terminated for any of the reasons enumerated in
section 143.051 as being subject to the Act's procedures outlined in section 143.052. 
Rather, Jackson and Nuñez were terminated for failure to fulfill their conditions of
employment under the provisions of the Conditions of Employment agreements they
both signed when they were first employed by TCFD.

 C. Jackson's and Nuñez's Right to Appeal

 Jackson and Nuñez also argue that they were entitled to an appeal of their
terminations as provided under sections 143.053 and 143.057 of the Act. See Tex.
Loc. Gov't Code Ann. §§ 143.053, 143.057. The Act provides for administrative
appeal of only those disciplinary actions that are specifically enumerated. Id. §
143.010(a) (Vernon 2008); Corbitt v. City of Temple, 941 S.W.2d 354, 355 (Tex.
App.--Austin 1997, writ denied) ("The statute does not provide for administrative
appeal of every possible disciplinary action taken by the Chief, only those that are
specifically enumerated."). The Act provides the civil service commission and
hearing examiners with the jurisdiction to hear appeals only from promotional
examinations, disciplinary suspensions, and demotions. See Tex. Loc. Gov't Code
Ann. §§ 143.034, 143.051, 143.052, 143.053, 143.054, 143.057 (Vernon 2008);
Corbitt, 941 S.W.2d at 355.

 Jackson's and Nuñez's dismissals for failure to fulfill the conditions of
employment do not fall under any of the specifically enumerated actions for which
the Act provides a right to administrative appeal. See Tex. Loc. Gov't Code Ann.
§§ 143.034, 143.051, 143.053, 143.054, 143.057. (5) Specifically, Jackson and Nuñez were not terminated for committing any of the acts enumerated in section
143.051 of the Act as grounds for disciplinary suspension. See id. § 143.051. Nor
were they passed over for a promotion or demoted. See id. §§ 143.034, 143.054. 
Therefore, the civil service commission was under no obligation to hold a hearing and
to review the fire chief's action in terminating them. See Cantu, 97 S.W.3d at 863
(holding that "[b]ecause appellee was neither passed on a promotion, suspended, or
demoted, the Commission was under no obligation to hold a hearing" when fire
fighter was seeking civil service review of his resignation that was allegedly made
under duress).

 We conclude that Jackson and Nuñez have failed to state a justiciable claim for
relief because the Act does not apply to their terminations. Rather, their petition
affirmatively negates the existence of jurisdiction. Therefore, the trial court did not
err in granting Texas City's plea to the jurisdiction. (6) See Cantu, 97 S.W.3d at 863;
Brown, 80 S.W.3d at 555. Because the trial court's ruling is upheld based on the
grounds that Jackson and Nuñez failed to state a justiciable claim, we do not need to
address the other grounds that could have supported the trial court's order. See
Britton, 95 S.W.3d at 681. Conclusion

 We affirm the order of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Justice Alcala, dissenting.
1. Jackson and Nuñez received their termination letters in April 2006 and June 2006,
respectively. The fire chief offered Nuñez conditional reinstatement if he would
agree to take an "educational leave of absence" without pay for eight months, obtain
paramedic certification during that time at his own expense, repurchase uniforms, and
agree to waive all appeal rights if he were unsuccessful in obtaining the required
paramedic certification. Nuñez declined this offer and his discharge took effect in
June 2006.
2. See Tex. Loc. Gov't Code Ann. § 143.057 (Vernon 2008).
3. Jackson's letter to the civil service director was dated April 20, 2006, and he received
a reply letter dated May 10, 2006. Nuñez's letter to the civil service director was
dated June 29, 2006, and he received a reply letter dated July 5, 2006.
4. A "fire or police department rule or special order" is a written rule or order officially
issued by a police or fire department for the purpose of maintaining an efficient police
or fire fighting force. See Tyra v. City of Houston, 822 S.W.2d 626, 627 (Tex. 1991)
(discussing Houston Fire Department's "Department Order No. 4" requiring all
personnel to take fitness test); see also City of Dallas v. Cox, 793 S.W.2d 701, 707
(Tex. App.--Dallas 1990, no writ) (discussing Dallas Police Chief's Special Orders
on the department's deadly force policy); Firemen's and Policemen's Civil Serv.
Comm'n for Corpus Christi v. Campbell, 616 S.W.2d 424, 425 (Tex. App.--Houston
[1st Dist.] 1981, no writ) (discussing fire chief's order requiring firefighters to wear
specific uniform when exercising on duty); Vick v. City of Waco, 614 S.W.2d 861,
863 (Tex. App.--Waco 1981, writ ref'd n.r.e.) (discussing Police Department General
Order 79-8, 111-A3, which stated that "Personnel are required to adhere to strict
obedience of all Federal, State, and local laws and ordinances, along with
Departmental rules, orders, and regulations"). Jackson and Nuñez were terminated
under the terms of a contract adopted for use by the fire department pursuant to the
collective bargaining agreement permitted by section 174.006 of the Texas Local
Government Code. Jackson and Nuñez each signed this contract, which was called
Conditions of Employment. A contract adopted pursuant to a collective bargaining
agreement between a fire or police department and a municipality is not a "rule or
special order" of the department.
5. Section 143.034 of the Act, entitled "Review and Appeal of Promotional
Examination," provides, in part:


On request, each eligible promotional candidate from the fire or police
department is entitled to examine the person's promotional examination
and answers, the examination grading, and the source material for the
examination. If dissatisfied, the candidate may appeal, within five
business days, to the commission for review in accordance with this
chapter.


Tex. Loc. Gov't Code Ann. § 143.034(a) (Vernon 2008).


Section 143.052 of the Act, entitled "Disciplinary Suspensions," indicates that
employees subject to disciplinary suspension due to a violation under section 143.051
must receive notice of their right to appeal. Id. § 143.052(d) (Vernon 2008). Section
143.053 of the Act, titled "Appeal of Disciplinary Suspension," provides, "If a
suspended fire fighter or police officer appeals the suspension to the commission, the
commission shall hold a hearing and render a decision in writing within 30 days after
the date it received notice of the appeal." Id. § 143.053(b) (Vernon 2008). Section
143.053 also provides information that must be contained in the commission's written
decision, see id. § 143.053(e), and states that "[t]he commission may suspend or
dismiss a fire fighter or police officer only for violation of civil service rules and only
after a finding by the commission of the truth of specific charges against the fire
fighter or police officer." Id. § 143.053(g).


Section 143.054 of the Act, entitled "Demotions," provides:


(a) If the head of the fire or police department wants a fire fighter or
police officer under his supervision or jurisdiction to be involuntarily
demoted, the department head may recommend in writing to the
commission that the commission demote the fire fighter or police
officer. . . .


. . .


(c) The commission may refuse to grant the request for demotion. If
the commission believes that probable cause exists for ordering the
demotion, the commission shall give the fire fighter or police officer
written notice to appear before the commission for a public hearing. . . .


(d) The fire fighter or police officer is entitled to a full and complete
public hearing, and the commission may not demote a fire fighter or
police officer without that public hearing.


(e) A voluntary demotion in which the fire fighter or police officer has
accepted the terms of the demotion in writing is not subject to this
section.


Id. § 143.054 (Vernon 2008).


Section 143.057 of the Act, entitled "Hearing Examiners," establishes the procedures
for appeal to a hearing examiner. Id. § 143.057 (Vernon 2008). Section 143.057
provides, "[I]n an appeal of an indefinite suspension, a suspension, a promotional
bypass, or a recommended demotion, the appealing fire fighter or police officer may
elect to appeal to an independent third party hearing examiner instead of to the
commission." Id. § 143.057(a).
6. Jackson and Nuñez also argue that the trial court had jurisdiction over their case
because their termination violated a vested property right. See Continental Cas. Ins.
Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000) (holding that
trial courts possess jurisdiction to grant judicial review of agency action only when
provided for by statute or when agency action "adversely affects a vested property
right or otherwise violates a constitutional right"). Jackson and Nuñez cite City of
Amarillo v. Hancock to support their contention. 239 S.W.2d 788, 790-92 (Tex.
1951). However, the Hancock court squarely held that Hancock, a fire fighter
attempting to contest his demotion from captain to driver, did not have a property
interest in his position. Id. at 792 ("[A] captaincy in the [fire department] is not
property and the right to it is not a property right protected by due process. 
Consequently, there is no inherent right to a judicial review of an order of demotion
by the Civil Service Commission duly entered after proper procedure.").